## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT DALLAS DIVISION

| | | |
|---|---|---|
| Author Anderson, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| JPMORGAN CHASE BANK N.A., | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("***Chase***") hereby removes the above-captioned matter, *Author Anderson v. JPMorgan Chase Bank, N.A.*, Cause No. DC-24-20769 (the "***State Court Action***"), from the 191st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. This Court has jurisdiction over this action based on diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332. As grounds for removal, Defendant states as follows:

### I.    NATURE OF THE ACTION

1.    On November 25, 2024, Plaintiff filed the State Court Action. *See* Ex. C. (Pl.'s Orig. Pet.).

2.    On January 2, 2025, Plaintiff filed his First Amended Petition. *See* Ex. C (Pl.'s First. Am. Pet.). He alleged claims against Defendant for negligence, invasion of privacy, and breach of contract relating to a purported unauthorized disclosure of his private information.

3.    On February 7, 2025, Chase removed the State Court Action to the Northern District of Texas based on federal question jurisdiction and, specifically, on Plaintiff's claims relating to the Gramm-Leach-Bliley Act ("GLBA"). *See* Ex. C (Def.'s Notice of Removal).

4.      On February 10, 2025, Plaintiff filed his Motion for Remand. *See* Ex. E (Motion for Remand). Plaintiff argued that his reference to the GLBA in his Original Petition was "made solely to demonstrate the standard of care [Chase] owed under state law" and that Plaintiff does not assert a federal cause of action. *See id.* Based on Plaintiff's representation, Chase did not oppose remand. *See* Ex. F (Def.'s Resp. to Mot. for Remand).

5.      On February 14, 2025, Chase filed its Original Answer and Affirmative Defenses. *See* Ex. G (Def.'s Orig. Answer & Affirm. Defenses).

6.      On April 17, 2025, the Northern District of Texas remanded the matter back to the 191st Judicial District Court. *See* Ex. H (Judgment).

7.      On July 17, 2025, Plaintiff filed his Second Amended Petition in the State Court Action. *See* Ex. C (Plf.'s Second Am. Pet.). For the first time, Plaintiff alleges that he seeks "monetary relief over $250,000 but not more than $1,000,000." *See id.* at ¶ 4.

## II.    REMOVAL IS PROPER

8.      Venue is proper in this Court because the United States District Court for the Northern District of Texas, Dallas Division, is the federal judicial district embracing the 191st District Court of Dallas County, Texas where the State Court Action was originally filed. *See* 28 U.S.C. §§ 124(a)(1), 1441(a), 1446(a).

9.      This Notice of Removal is timely filed. Thirty days have not elapsed from the date Plaintiff served his Second Amended Petition on Chase, which was July 17, 2025. *See* 28 U.S.C. § 1446(b)(3); Ex. B (docket sheet showing filing date of Second Am. Pet.). Plaintiff's Second Amended Petition is the first amended pleading from which it may first be ascertained that the case is or has become removable based on diversity jurisdiction. *See* 28 U.S.C. § 1446(b)(3).

10.     A written notice attaching a copy of this Notice of Removal is being served on all

parties of record and filed with the Clerk of the 191st District Court of Dallas County, Texas. *See* 28 U.S.C. § 1446(d).

11.     True and correct copies of process, pleadings, and orders filed in the State Court Action are attached, as required by 28 U.S.C. § 1446(a) and L.R. 81.1:

**Exhibit A**:     A civil cover sheet.

**Exhibit B**:     A true and correct copy of the state court docket sheet.

**Exhibit C**:     A true and correct copy of the pleadings in the State Court Action, along with an index that identifies each document and indicates the date the document was filed in state court.

**Exhibit D**:     Defendant JPMorgan Chase Bank, N.A.'s Certificate of Interested Persons.

### III.     THE COURT HAS DIVERSITY JURISDICTION

12.     Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions where (1) the amount of controversy exceeds the sum of $75,000, exclusive of interest and costs, and (2) the actions are between citizens of different States.

**A.     The Amount in Controversy Exceeds $75,000.**

13.     On July 17, 2025, Plaintiff—for the first time—alleged that he seeks "monetary relief over $250,000 but not more than $1,000,000." *See* Ex. C. (Pl.'s 2d Am. Pet.) ¶ 4. Thus, it is facially apparent from Plaintiff's Second Amended Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] *See Werder v. Allstate Fire & Cas. Ins. Co.*, 731 F. Supp. 3d 724, 736 (N.D. Tex. 2024) (pleading "monetary relief over $250,000 but not more than $1,000,000" under Rule 47(c) meets the amount in controversy requirement).

14.     Plaintiff's alleged damages are well in excess of the $75,000.00 jurisdictional

---

[1] Chase denies each of Plaintiff's allegations and any alleged liability relating to or arising from the claims set forth in Plaintiff's Second Amended Petition.

minimum—assuming, of course, that Plaintiff could establish any entitlement to such recoveries, which he cannot.

**B.     The Action is Between Citizens of Different States.**

15.     Upon information and belief, Plaintiff is now, and was at the time the State Court Action was commenced, a resident and citizen of the State of Texas. *See* Ex. C (Pl.'s 2d Am. Pet.) ¶ 6.

16.     At the time the State Court Action was commenced, Chase was not a citizen of the State of Texas. Chase is now, and has been since the time the State Court Action commenced, a national banking association organized under the laws of the United States as a citizen of Ohio with its main office located in Columbus, Ohio.  Thus, pursuant to 28 U.S.C. § 1332(c)(1), Chase is, and was at the time the State Court Action commenced, a citizen of the State of Ohio and at no time relevant to the Plaintiff's pleadings was Chase a citizen of the State of Texas.

17.     Complete diversity of citizenship exists in this action under 28 U.S.C. § 1332(a) because Plaintiff is not a citizen of the States in which Chase is a citizen. Furthermore, this action is removable because Chase is not a citizen of the State in which the State Court Action was commenced. *See* 28 U.S.C. § 1441(b).

**C.     Removal Is Proper.**

18.     No previous application has been made for removal based on diversity of citizenship. *See S.W.S. Erectors, Inc. d/b/a, Southwest Signs v. INFAX, Inc.*, 72 F.3d 489, 493-94 (5th Cir. 1996) (a defendant may re-remove a case when pleadings or events establish a new ground for removal).

19.     Defendants may remove the State Court Action to this Court in accordance with the provisions of 28 U.S.C. §§ 1332, 1441(a) because: (1) this action is a civil action pending

within the jurisdiction of the United States District Court for the Northern District of Texas; (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (3) this action is between citizens of different states.

20.     This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court under 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship.

21.     Chase is the only defendant.  As such, all defendants who have been properly served join in and consent to the removal of the State Court Action to federal court.

22.     If any question arises as to the propriety of the removal of this action, Chase requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

23.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Chase's rights to compel this matter to arbitration and/or assert any defenses including, without limitation, any other procedural or substantive defense available under state or federal law.

### IV.     CONCLUSION

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. removes the above-captioned action now pending against it in the 191st District Court of Dallas County, Texas to this Court and requests that further proceedings be conducted in the Dallas Division of the United States District Court for the Northern District of Texas as provided by law.

Dated: August 15, 2025                              Respectfully submitted,

                                                    **GREENBERG TRAURIG, LLP**

*/s/ Brennwyn B. Romano*
Brennwyn B. Romano
State Bar No. 24099028
romanob@gtlaw.com
Christina M. Carroll
State Bar No. 24092868
Christina.carroll@gtlaw.com

**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
(214) 665-3600 (main)
(214) 665-3601 (facsimile)

**ATTORNEYS FOR DEFENDANT**
**JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2025, a true copy of this **NOTICE OF REMOVAL** was electronically filed through the Court's CM/ECF system, which will send notices of electronic filing to all counsel of record, and was served by first-class mail and email to the recipients below.

Plaintiff Author Anderson, *pro se*
1670 N. Hampton Road #106
DeSoto, Texas 75115
(773) 234-7622

*/s/ Brennwyn B. Romano*
Brennwyn B. Romano

# EXHIBIT A

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS

- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY

- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION

- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY

- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Supplemental Civil Cover Sheet for Cases Removed
# From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |-------|-------------|
   |       |             |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |----------------------|-------------|
   |                      |             |
   |                      |             |
   |                      |             |
   |                      |             |
   |                      |             |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?          Yes          No

       If "*Yes,*" by which party and on what date?

   _____          _____

   Party                                                                  Date

4. **Answer:**

Was an Answer made in State Court?        Yes                    No

If "*Yes*," by which party and on what date?

_____        _____

Party                                    Date

5. **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
|-------|--------------------------|
|       |                          |
|       |                          |
|       |                          |
|       |                          |
|       |                          |

6. **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| Party | Reason |
|-------|--------|
|       |        |

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|-------|----------|
|       |          |

# EXHIBIT B

## Case Information

DC-24-20769 | AUTHOR ANDERSON vs. JPMORGAN CHASE BANK, N.A.

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-24-20769 | 191st District Court | SLAUGHTER, GENA |
| File Date | Case Type | Case Status |
| 11/25/2024 | OTHER (CIVIL) | RE-OPENED |

## Party

PLAINTIFF
ANDERSON, AUTHOR

Active Attorneys ▾
  Pro Se

DEFENDANT
JPMORGAN CHASE BANK, N.A.

Active Attorneys ▾
Lead Attorney
CARROLL, CHRISTINA MARIE
Retained

## Disposition Events

02/07/2025 Judgment ▾

Judicial Officer
SLAUGHTER, GENA

Judgment Type
ALL OTHER DISPOSITIONS

Judgment

   Total Judgment: of $0.00

Awarded To: ANDERSON, AUTHOR, et al

Awarded Against: ANDERSON, AUTHOR, et al

## Events and Hearings

11/25/2024 NEW CASE FILED (OCA) - CIVIL

11/25/2024 AFFIDAVIT INABILITY TO PAY ▾

STATEMENT OF INABILITY TO PAY

11/25/2024 CASE FILING COVER SHEET ▾

CIVIL CASE INFORMATION SHEET

11/25/2024 ORIGINAL PETITION ▾

ORIGINAL PETITION

12/17/2024 REQUEST FOR SERVICE

12/17/2024 ISSUE CITATION ▾

ISSUE CITATION-JPMORGAN CHASE BANK, N.A

12/26/2024 CITATION▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
JPMORGAN CHASE BANK, N.A

01/02/2025 AMENDED PETITION

01/02/2025 CORRESPONDENCE - LETTER TO FILE

01/07/2025 ISSUE CITATION ▾

ISSUE CITATION-JPMORGAN CHASE BANK, N.A.

01/08/2025 CITATION ▾

Served
01/16/2025

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned
02/06/2025
Comment
JPMORGAN CHASE BANK, N.A 9214 8901 0661 5400 0202 9693 23

---

02/06/2025 RETURN OF SERVICE ▾

RETURN OF SERVICE-JPMORGAN CHASE BANK, N.A

Comment
EXECUTED CITATION-JPMORGAN CHASE BANK, N.A

---

02/07/2025 NOTICE OF REMOVAL TO FEDERAL COURT

---

02/27/2025 DISMISSAL FOR WANT OF PROSECUTION ▾

Judicial Officer
SLAUGHTER, GENA

Hearing Time
9:00 AM

Cancel Reason
CASE CLOSED

---

05/23/2025 CORRESPONDENCE - LETTER TO FILE ▾

CORRESPONDENCE - LETTER TO FILE

---

05/23/2025 DOCKET SHEET ▾

DOCKET SHEET

Comment
CIVIL

---

05/23/2025 ORDER - REMAND (POST JUDG MOTION) (OCA and REOPEN CASE) ▾

ORDER - REMAND (POST JUDG MOTION) (OCA and REOPEN CASE)

---

06/27/2025 AMENDED ANSWER - AMENDED GENERAL DENIAL ▾

AMENDED ANSWER/SPECIAL EXCEPTIONS-DEF

Comment
EXCEPTIONS

07/17/2025 AMENDED PETITION ▼

Comment
2ND AMENDED PETITION

07/17/2025 AMENDED PETITION ▼

Comment
AMENDED PETITION

## Financial

ANDERSON, AUTHOR

| | | |
|---|---|---|
| Total Financial Assessment | | $434.00 |
| Total Payments and Credits | | $0.00 |
| 12/2/2024 | Transaction Assessment | $350.00 |
| 1/7/2025 | Transaction Assessment | $84.00 |

## Documents

STATEMENT OF INABILITY TO PAY

CIVIL CASE INFORMATION SHEET

ORIGINAL PETITION

ISSUE CITATION-JPMORGAN CHASE BANK, N.A

ISSUE CITATION-JPMORGAN CHASE BANK, N.A.

RETURN OF SERVICE-JPMORGAN CHASE BANK, N.A

CORRESPONDENCE - LETTER TO FILE

DOCKET SHEET

ORDER - REMAND (POST JUDG MOTION) (OCA and REOPEN CASE)

AMENDED ANSWER/SPECIAL EXCEPTIONS-DEF

# EXHIBIT C

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT
# DALLAS DIVISION

| Author Anderson, | § | |
|---|---|---|
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| JPMORGAN CHASE BANK N.A., | § | |
| | § | |
| *Defendant*. | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| FILING DATE | DOCUMENT DESCRIPTION |
|---|---|
| November 25, 2024 | Statement of Inability to Pay |
| November 25, 2024 | Civil Cover Sheet |
| November 25, 2024 | Plaintiff's Original Petition |
| December 17, 2024 | Citation |
| January 2, 2025 | Plaintiff's Amended Original Petition |
| January 7, 2025 | Citation |
| February 6, 2025 | Service Return |
| May 23, 2025 | Docket Sheet |
| May 23, 2025 | Order—Remand |
| June 27, 2025 | Amended Answer |
| July 17, 2025 | Response to Special Exceptions |
| July 17, 2025 | Plaintiff's Second Amended Petition |

FILED
11/25/2024 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
ROBIN HOLLAND DEPUTY

Case 3:25-cv-02214-K-BW     Document 1     Filed 08/15/25     Page 19 of 84     PageID 19

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**
**AVISO: ESTE DOCUMENTO CONTIENE INFORMACIÓN CONFIDENCIAL**



# Statement of Inability to Afford Payment of Court Costs or an Appeal Bond

## Declaración sobre Incapacidad de Pago de Costas de Tribunal o de una Fianza de Apelación

| | |
|---|---|
| **Cause Number**<br>**Número de Caso** | DC-24-20769 |

The Clerk's office will fill in the Cause Number when you file this form.

El Secretario del Tribunal anotará el Número de Caso cuando usted presente este formulario.

Author Anderson

**v.**

JPMORGAN CHASE BANK, N.A.

Copy information listed at the top left of the petition here.

Copie aquí la información ubicada en la parte superior izquierda del escrito de la demanda.

Copy information listed at the top right of the petition here.

Copie aquí la información ubicada en la parte superior derecha del escrito de la demanda.

191st

**Court Number**
**Número del Tribunal**

Dallas

_____ ,Texas

**County**
**Condado**

- ☒ District Court
  Tribunal de Distrito
- ☐ County Court
  Tribunal del Condado
- ☐ County Court at Law
  Tribunal Estatutario
- ☐ Justice Court
  Juzgado de Paz
- ☐ Probate Court
  Juzgado Sucesorio

Approved by the Supreme Court of Texas in Misc. Docket No. 22-9090

## 1. Your Information / Su Información

➤ My full legal name is / Mi nombre legal completo es
Author Anderson
_____

First    Middle    Last    /    Nombre de Pila    Segundo Nombre    Apellido

➤ My date of birth is / Mi fecha de nacimiento es
_____

Month    Day    Year    /    Mes    Día    Año

➤ My address is / Mi dirección es

Home / Domicilio ___1670 N Hampton Rd, #106, DeSoto, TX 75115___

Mailing / Dirección Postal ___1670 N Hampton Rd, #106, DeSoto, TX 75115___

➤ My phone number / Mi número telefónico ___7732347622___

➤ My email I check often / Mi correo electrónico que reviso con frecuencia

_____

# Go to next page
# Pase a la siguiente página

Approved by the Supreme Court of Texas in Misc. Docket No. 22-9090

**2. About My Dependents / Mis Dependientes**

"The people who depend on me financially are listed below." **Use initials only for children under 18.** If needed, attach a separate piece of paper to list more dependents.

"Las personas a continuación dependen económicamente de mí." **Use iniciales para los menores de 18 años** y, si es necesario, anexe una hoja por separado para enumerar a todos sus dependientes.

| Name<br>Nombre | Age<br>Edad | Relationship to me<br>Parentesco Conmigo |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**3. Are you represented by Legal Aid? ¿Está siendo representado por alguna entidad de asistencia legal?**

**Check only one box. Seleccione solo una casilla.**

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as "Exhibit: Legal Aid Certificate."

Me está representando gratuitamente un abogado que trabaja para una entidad de asistencia legal o que recibió mi caso de una entidad de asistencia legal. El certificado que la entidad de asistencia legal me entregó lo adjunto bajo el título, "Anexo: Certificado de Asistencia Legal."

or / o

 I am not represented by legal aid.

No me está representando ninguna entidad de asistencia legal.



Approved by the Supreme Court of Texas in Misc. Docket No. 22-9090

## 4. Public Benefits / Beneficios de Asistencia Pública

> Do you or any of your dependents receive public benefits?
> *¿Recibe usted o sus dependientes beneficios de asistencia pública?*

☐ Yes / *Sí*                    ☒ No / *No*

> If you answered yes, check all that apply and attach proof to this form, such as a copy of an eligibility form or check.
>
> Si respondió con un Sí, marque todas las casillas que apliquen y adjunte a este formulario comprobantes, tales como una copia de la carta autorizando que reciba estos beneficios o una copia del cheque que recibe.

☐ Food stamps/SNAP
Cupones de comida/SNAP

☐ TANF

☐ Medicaid

☐ CHIP

☐ SSI/SSDI

☐ WIC

☐ Lifeline

☐ Public Housing or Section 8 Housing
Asistencia de Vivienda / Programa de Vivienda bajo Sección 8

☐ Low-Income Home Energy Assistance
Asistencia con Energía Eléctrica

☐ Community Care via HHS
Ayuda Comunitaria bajo HHS

☐ LIS in Medicare ("Extra Help")
Subsidio Adicional de Medicare bajo el Programa LIS

☐ Needs-based VA Pension
Pensión para Veteranos de Guerra en función a necesidades

☐ Child Care Assistance under Child Care and Development Block Grant
Asistencia con Guardería bajo el Programa CCDBG

☐ County Assistance, County Health Care, or General Assistance (GA)
Asistencia del Condado, Asistencia Médica del Condado, o Asistencia General (GA)

☐ Other / *Otros beneficios*

☐ Other / *Otros beneficios*

_____

_____



Approved by the Supreme Court of Texas in Misc. Docket No. 22-9090

**5. What are your monthly income sources? ¿Cuáles son sus fuentes de ingresos mensuales?**

➢ My **take-home** pay is $0_____ in monthly wages.

Mi **pago neto** es $_____ en sueldo mensual.

➢ I work as a N/A_____ (your job title) for N/A_____ (your employer).

Yo trabajo como _____ (título de su puesto) para _____ (compañía o jefe).

➢ $0_____ is my total **monthly** income / son mis ingresos totales **al mes**.

These are my income sources. Estas son mis fuentes de ingresos.

➢ $_____ in unemployment / en beneficios de desempleo.

I have been unemployed since _____ (date).

He estado desempleado desde _____ (indique fecha).

➢ $_____ in public benefits / en beneficios de Asistencia Pública.

➢ $_____ from people in my household other than my spouse / de ingresos de otras personas en mi hogar que no son de mi cónyuge.

➢ $_____ from retirement or pension / de jubilación o pensión.

➢ $_____ from tips or bonus / de propinas o bonos.

➢ $_____ from disability / de discapacidad.

➢ $_____ from worker's comp / de compensación al trabajador.

➢ $_____ from social security / de seguro social.

Approved by the Supreme Court of Texas in Misc. Docket No. 22-9090

➤ $_____ from military housing / de vivienda militar.

➤ $_____ from dividends, interest, or royalties / de dividendos, intereses, o regalías.

➤ $_____ from child or spousal support / de manutención de menores o manutención conyugal recibida.

➤ Answer only if your spouse is not your opponent. Responda tan sólo si su ccónyuge no es parte contraria en esta causa legal.$_____ from my spouse's income / de ingresos de mi cónyuge.

➤ $_____ from other jobs/sources of income / de *otros* trabajos/ fuentes de ingresos.

Describe / describa:

_____

_____

# Go to next page
# Pase a la siguiente página

Approved by the Supreme Court of Texas in Misc. Docket No. 22-9090

**6. What is the value of your assets or property? ¿Cuál es el valor de sus bienes o propiedades?**

| My property includes:<br>Mis bienes incluyen: | Value / Valor<br><br>The value is the amount the item would sell for less the amount you still owe on it, if anything.<br><br>El valor de sus bienes es la cantidad por la que la propiedad o pertenencia se vendería, menos el monto que aún se adeuda, si lo hubiera. |
|---|---|
| ➤ Cash<br>Dinero en efectivo | $0 |
| ➤ Bank accounts, other financial assets<br>Cuentas bancarias, otros bienes financieros | |
| | $0 |
| | $ |
| | $ |
| ➤ Cars and boats (make and year)<br>Automóviles, lanchas (modelo y año) | |
| | $0 |
| | $ |
| | $ |
| ➤ Other property like jewelry, stocks, land, a second house. (Do not list your homestead.)<br>Otros bienes como joyas, acciones, terrenos, una segunda casa. (No indique su hogar familiar.) | |
| | $0 |
| | $ |
| | $ |
| **Total Value of Property**<br>**Valor Total de Sus Bienes** | $ 0 |



Approved by the Supreme Court of Texas in Misc. Docket No. 22-9090

**7. What are your monthly expenses that are not deducted from your paycheck?**
**¿Cuáles son sus gastos mensuales que no son descontados de su cheque de sueldo?**

| My monthly expenses are:<br>Mis gastos mensuales son: | Amount<br>Cantidad |
|---|---|
| ➤ Rent/house payments; maintenance<br>Alquiler/hipoteca; mantenimiento de casa | $ 0 |
| ➤ Food and household supplies<br>Alimentos y artículos para el hogar | $ 0 |
| ➤ Utilities and telephone<br>Luz, gas, agua y teléfono | $ 0 |
| ➤ Clothing and laundry<br>Ropa y lavado de ropa | $ 0 |
| ➤ Medical and dental expenses<br>Gastos médicos y dentales | $ 0 |
| ➤ Insurance (life, health, auto, etc.)<br>Seguros (de vida, médico, de automóvil etc.) | $ 0 |
| ➤ School and childcare<br>Escuelas y guarderías | $ 0 |
| ➤ Transportation, auto repair, gas<br>Transportación, reparaciones de automóviles, gasolina | $ 0 |
| ➤ Child/Spousal support<br>Manutención a Menores/Manutención Conyugal | $ 0 |
| ➤ Debt payments to (list):<br>Pagos por deudas hechas a (indíquelos): | |
| | $ 0 |
| | $ |
| ➤ Wages withheld by court order<br>Sueldo retenido por orden judicial | $ 0 |
| ➤ Other expenses (list):<br>Otros gastos (indíquelos): | |
| | $ 0 |
| | $ |
| **Total Monthly Expenses**<br>**Gastos Totales Mensuales** | $ 0 |



Approved by the Supreme Court of Texas in Misc. Docket No. 22-9090

**8. Are there debts or other facts explaining your financial situation? ¿Hay deudas u otros factores que expliquen su situación económica?**

My debts include (list debt and amount owed):
Mis duedas incluyen (indique deuda y la cantidad que debe):

| | |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |

If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts."

Si usted desea que el tribunal considere otros factores, tales como gastos médicos excepcionales, emergencias familiares, etc., adjunte al formulario otra hoja con esta información y bajo el título, "Anexo: Información Adicional de Apoyo."

**9. Ability to Pay Court Costs. Declaración sobre su Habilidad de Pagar Costas de Tribunal**

Check only one box. Seleccione tan solo una casilla.

[■] I cannot afford to pay court costs. No puedo pagar las costas de tribunal.

[ ] I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision, and I cannot afford to pay court costs.

No puedo aportar una fianza de apelación ni pagar un depósito en efectivo para apelar la decisión judicial de un magistrado, y no puedo pagar costas de tribunal.

# Go to next page

# Pase a la siguiente página

**10. Declaration/Affidavit. Declaración Escrita Bajo Juramento.**

Fill out **only one** box. If you fill out the Declaration, you will not need to sign the form in front of a notary public. If you do not want to list your address for privacy or safety concerns, take the form and photo identification, and fill out the Affidavit box in front of a notary public.

Llene tan **solo una** opción. Si usted llena la Declaración, no necesitará firmar el formulario ante un notario. Si usted no quiere que aparezca su domicilio en el documento para conservar su privacidad o por motivos de su seguridad, lleve el formulario y una identificación con fotografía y llene la sección de la Declaración Escrita Bajo Juramento ante un Notario.

# Go to next page

# Pase a la siguiente página

Approved by the Supreme Court of Texas in Misc. Docket No. 22-9090

## Option 1 / Opción 1

**Declaration**: I declare under penalty of perjury that the foregoing is true and correct.

**Declaración**: Yo declaro bajo pena de perjurio que la información a continuación es correcta y verdadera.

➢ My name is / Mi nombre es

_____

➢ My date of birth is / Mi fecha de nacimiento es

_____/_____/_____

➢ My address is / Mi domicilio es

_____
Street, city, zip, country
Calle y número, ciudad, estado, código postal, pais

➢ _____
Signature
Firma

➢ _____
Date (month, day, year)
Fecha (mes, día, año)

➢ _____
County, state
Condado, estado

# Go to next page
# Pase a la siguiente página

Approved by the Supreme Court of Texas in Misc. Docket No. 22-9090

## Option 2 / Opción 2

**Affidavit:** I swear under penalty of perjury that the foregoing is true and correct.

**Declaración Escrita Bajo Juramento:** Yo juro bajo pena de perjurio, que lo que precede es correcto y verdadero.

**You fill out this section.**
**Usted llena esta sección.**

➢ Author Anderson
_____
Your printed name
Su nombre en letra de molde

➢ _____
Your signature
Su firma

**The notary fills out this section.**
**El Notario llena esta sección.**

➢ Olivia Pope
_____
Subscribed before me this day of
Juramentado y suscrito ante mí el día de hoy del mes de

November 24, 20 24
_____

_____
NOTARY
NOTARIO

OLIVIA POPE
Notary Public, State of Texas
Comm. Expires 05-06-2028
Notary ID 129611213



Approved by the Supreme Court of Texas in Misc. Docket No. 22-9090

FILED
11/25/2024 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
ROBIN HOLLAND DEPUTY

Case 3:25-cv-02214-K-BW   Document 1   Filed 08/15/25   Page 31 of 84   PageID 31

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____   **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** Author Anderson v. JPMorgan Chase Bank, N.A.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|

Name: Author Anderson

Email:

Address: 1670 N Hampton Rd., #106

Telephone: 773-234-7622

City/State/Zip: DeSoto, TX 75115

Fax:

Signature: [signature]

State Bar No:

**Plaintiff(s)/Petitioner(s):**
Author Anderson
1670 N Hampton Rd., #106, DeSoto, TX 75115

**Defendant(s)/Respondent(s):**
JPMORGAN CHASE BANK, N.A.
CT Corporation System
1999 Bryan St., Suite 900, Dallas, TX 75201

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- [ ] Attorney for Plaintiff/Petitioner
- [x] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |

**Civil**

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract: _____

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract: _____

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product: _____
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property: _____

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other: _____

**Family Law**

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other: _____

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child: _____

| **Employment** | **Other Civil** | |
|---|---|---|

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment: _____

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [x] Other: Privacy / Negligence / Breach

| **Tax** | **Probate & Mental Health** | |
|---|---|---|

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, but not more than $200,000
- [x] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Print Form

Rev 2/13

FILED
11/25/2024 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
ROBIN HOLLAND DEPUTY

DC-24-20769

CAUSE NO. _____

| | | |
|---|---|---|
| Author Anderson | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | 191st |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AUTHOR ANDERSON, "Plaintiff", and files this Original Petition complaining of JPMorgan Chase Bank, N.A. "Defendant" or "Chase", and for cause of action respectfully shows the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

1. Plaintiff, Author Anderson, is an individual residing in Dallas County, Texas.

2. Defendant, JPMorgan Chase Bank, N.A., is a national banking association with business operations in Texas. Defendant may be served with process by serving its registered agent:

CT Corporation System

1999 Bryan St., Suite 900, Dallas, TX 75201.

1

### III. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

2. Defendant, JPMorgan Chase Bank, N.A., conducts substantial business in Texas, including operating multiple branches and maintaining customers in Dallas County.

3. Although the privacy breach occurred at a Chase branch in New Orleans, Louisiana, Plaintiff resides in Dallas County, Texas, and suffered harm in Texas. Venue is proper in Dallas County under Section 15.002 of the Texas Civil Practice and Remedies Code because a substantial part of the harm giving rise to this claim occurred in this county.

### IV. FACTUAL BACKGROUND

1. Defendant is subject to federal and state privacy laws, including the Gramm-Leach-Bliley Act and state consumer protection laws, requiring it to safeguard sensitive customer information.

2. Defendant breached these obligations by disclosing Plaintiff's private information to a third party without authorization, causing Plaintiff harm, including emotional distress, financial loss, and a loss of privacy.

3. Plaintiff was being added to a business bank account held with Defendant, which required sharing sensitive private personal information, such as Social Security Number, copy of debit card, copy of passport, other personal details, financial details, and contact information.

4. On November 23, 2022, Defendant's employee, James Phillips, printed and improperly disclosed and distributed Plaintiff's private and sensitive personal information, by handing copies of all personal identity and financial documents to a third party without Plaintiff's knowledge or consent.

5. Plaintiff reached out to James Phillips via email on November 24, 2022, after learning of the breach. James Phillips never responded.

2

6.  On December 1, 2022, Plaintiff reached out via email to a nearby Branch Manager, D'Juan Mitchell, who advised contacting Executive Director, Shearita R. Despenza.

7.  On December 2, 2022, Defendant's employee, Shearita R. Despenza advised Plaintiff by phone that Defendant would pay for an identity theft and credit monitoring product of the Plaintiff's choosing.

8.  Plaintiff followed up on March 27, 2023, to discuss the totality of a resolution and check the status of the payment for the identity theft and credit monitoring product.

9.  Plaintiff followed up on August 30, 2023, via email to request that Shearita R. Despenza escalate the matter to her supervisor to be more appropriately addressed. Plaintiff's request was not honored in Defendant's response.

10. Plaintiff followed up on August 31, 2023, to again request the same escalation that was previously denied. Escalation was never carried out, despite multiple requests.

11. On October 18, 2024, Plaintiff filed CFPB complaint, and Defendant took over two months to respond, ironically delaying the response to **Friday**, November 22, 2024—one day before the two-year anniversary of the improper disclosure and distribution, and two days before the two-year anniversary of Plaintiff learning of the improper disclosure and distribution.

12. This improper disclosure and distribution occurred despite Defendant's duty to safeguard Plaintiff's information as required by contract, industry standards, and applicable state and federal laws.

13. The Defendant's improper disclosure and distribution of private identity and financial documents and information have the potential to cause harm to the Plaintiff indefinitely.

14. As a direct and proximate result of Defendant's actions, Plaintiff suffered harm, including but not limited to **emotional distress, loss of privacy, potential & actual financial losses**, and other damages to be proven at trial.

## V. CAUSES OF ACTION

### A. Negligence

1. Defendant owed Plaintiff a duty to exercise reasonable care in protecting Plaintiff's sensitive personal information, as required by the Gramm-Leach-Bliley Act, applicable state privacy laws, and Defendant's internal policies.

2. Defendant breached this duty by negligently disclosing/distributing Plaintiff's private information.

3. Defendant's breach was the direct and proximate cause of Plaintiff's damages.

4. Defendant made NO ATTEMPTS whatsoever to notify Plaintiff that all of Plaintiff's personal private identity and financial information had been printed and distributed to a third party.

5. Defendant's breach caused Plaintiff's damages, including emotional and financial harm.

### B. Invasion of Privacy

1. Defendant intentionally or negligently disclosed Plaintiff's private facts to a third party without Plaintiff's consent.

2. This disclosure was highly offensive and would be objectionable to a reasonable person.

3. Plaintiff suffered damages as a result of this invasion of privacy.

### C. Breach of Contract

1. Plaintiff and Defendant entered into a contractual agreement, whereby Defendant agreed to protect Plaintiff's private information.

2. Defendant's employee, Shearita R. Despenza entered into a contractual agreement, whereby Defendant agreed to pay for identity theft and credit monitoring product of Plaintiff's choice.

3. Defendant breached this agreement by improperly disclosing Plaintiff's personal information.

4. As a result, Plaintiff suffered damages.

4

## VI. DAMAGES

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff seeks:

1. **Actual damages** in an amount to be determined at trial, including compensation for emotional distress, financial harm, and other consequential damages.

2. **Exemplary damages** for Defendant's gross negligence and/or intentional conduct.

3. **Pre-judgment and post-judgment interest** as allowed by law.

4. **Costs of court** and attorneys' fees.

5. Such other and further relief as the Court deems just and proper.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendant for:

1. Actual damages;

2. Exemplary damages;

3. Costs of court;

4. Pre- and post-judgment interest; and

5. Such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**Author Anderson**

1670 N Hampton Road

#106

Dallas, TX 75115

(773) 234-7622

FORM NO. 353-3- CITATION

# THE STATE OF TEXAS

# CITATION

To:   **JPMORGAN CHASE BANK, N.A.**
      **MAIL CODE LA4-7100**
      **700 KANSAS LANE**
      **MONROE, LA, 71203**

**No.: DC-24-20769**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

 Said Plaintiff being **AUTHOR ANDERSON**

Filed in said Court **25th day of November, 2024** against

**JPMORGAN CHASE BANK, N.A.**

For Suit, said suit being numbered **DC-24-20769,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office **on this the 26th day of December, 2024**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _Medelin Navarrete_ , Deputy
**MEDELIN NAVARRETE**

**AUTHOR ANDERSON**
**vs.**
**JPMORGAN CHASE BANK, N.A.**

**ISSUED**
on this the 26th day of December, 2024

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MEDELIN NAVARRETE**, Deputy

**Attorney for Plaintiff**
**AUTHOR ANDERSON**
**1670 N HAMPTON RD**
**#106**
**DESOTO TX  75115**
**773-234-7622**
author_anderson@mail.harvard.edu

Affidavit Of Inability To Pay



**OFFICER'S RETURN**

Cause No. DC-24-20769

Court No.: 191st District Court

Style: AUTHOR ANDERSON
 vs.
JPMORGAN CHASE BANK, N.A.

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named _____ _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____, 20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

FILED
1/2/2025 11:18 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Stephanie Clark DEPUTY

CAUSE NO.  DC-24-20769

| | | |
|---|---|---|
| Author Anderson | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 191st JUDICIAL DISTRICT |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AUTHOR ANDERSON, "Plaintiff", and files this Original Petition complaining of JPMorgan Chase Bank, N.A. "Defendant" or "Chase", and for cause of action respectfully shows the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

2. Plaintiff, Author Anderson, is an individual residing in Dallas County, Texas.

3. Defendant, JPMorgan Chase Bank, N.A., is a national banking association with business operations in Texas. Defendant may be served with process by serving its registered agent:

CT Corporation System

1999 Bryan St., Suite 900, Dallas, TX 75201.

1

### III. JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

5.  Defendant, JPMorgan Chase Bank, N.A., conducts substantial business in Texas, including operating multiple branches and maintaining customers in Dallas County.

6.  Although the privacy breach occurred at a Chase branch in New Orleans, Louisiana, Plaintiff resides in Dallas County, Texas, and suffered harm in Texas. Venue is proper in Dallas County under Section 15.002 of the Texas Civil Practice and Remedies Code because a substantial part of the harm giving rise to this claim occurred in this county.

### IV. FACTUAL BACKGROUND

7.  Defendant is subject to federal and state privacy laws, including specific provisions of the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801(b), 6805(b)), which mandate the implementation of administrative, technical, and physical safeguards to protect customer information, as well as applicable Texas state laws, such as the Texas Deceptive Trade Practices-Consumer Protection Act (Tex. Bus. & Com. Code § 17.41 et seq.), requiring it to safeguard sensitive customer information.

8.  Defendant breached these obligations by disclosing Plaintiff's private information to a third party without authorization, causing Plaintiff harm, including emotional distress, financial loss, and a loss of privacy.

9.  Plaintiff was being added to a business bank account held with Defendant, which required sharing sensitive private personal information, such as Social Security Number, copy of debit card, copy of passport, other personal details, financial details, and contact information.

2

10. On November 23, 2022, Defendant's employee, James Phillips, printed and improperly disclosed and distributed Plaintiff's private and sensitive personal information, by handing copies of all personal identity and financial documents to a third party without Plaintiff's knowledge or consent.

11. Plaintiff reached out to James Phillips via email on November 24, 2022, after learning of the breach. James Phillips never responded.

12. On December 1, 2022, Plaintiff reached out via email to a nearby Branch Manager, D'Juan Mitchell, who advised contacting Executive Director, Shearita R. Despenza.

13. On December 2, 2022, Defendant's employee, Shearita R. Despenza advised Plaintiff by phone that Defendant would pay for an identity theft and credit monitoring product of the Plaintiff's choosing.

14. Plaintiff followed up on March 27, 2023, to discuss the totality of a resolution and check the status of the payment for the identity theft and credit monitoring product.

15. Plaintiff followed up on August 30, 2023, via email to request that Shearita R. Despenza escalate the matter to her supervisor to be more appropriately addressed. Plaintiff's request was not honored in Defendant's response.

16. Plaintiff followed up on August 31, 2023, to again request the same escalation that was previously denied. Escalation was never carried out, despite multiple requests.

17. On October 18, 2024, Plaintiff filed CFPB complaint, and Defendant took over two months to respond, ironically delaying the response to **Friday**, November 22, 2024—one day before the two-year anniversary of the improper disclosure and distribution, and two days before the two-year anniversary of Plaintiff learning of the improper disclosure and distribution.

18. This improper disclosure and distribution occurred despite Defendant's duty to safeguard Plaintiff's information as required by contract, industry standards, and applicable state and federal laws.

3

19. The Defendant's improper disclosure and distribution of private identity and financial documents and information have the potential to cause harm to the Plaintiff **indefinitely**.

20. As a direct and proximate result of Defendant's actions, Plaintiff suffered harm, including but not limited to **emotional distress, loss of privacy, potential & actual financial losses**, and other damages to be proven at trial.

## V. CAUSES OF ACTION

### A. Negligence

21. Defendant owed Plaintiff a duty to exercise reasonable care in protecting Plaintiff's sensitive personal information, as required by the Gramm-Leach-Bliley Act (15 U.S.C. § 6801(b)), applicable state privacy laws, and Defendant's internal policies. See St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc., 193 S.W.3d 54, 60 (Tex. App. 2006) holding entities have a duty to safeguard sensitive information.

22. Defendant breached this duty by negligently disclosing/distributing Plaintiff's private information, failing to adhere to industry-standard protocols for information security, such as implementing strict access controls, encryption, and regular employee training on data privacy requirements

23. Defendant's breach was the direct and proximate cause of Plaintiff's damages.

24. Defendant made NO ATTEMPTS whatsoever to notify Plaintiff that all of Plaintiff's personal private identity and financial information had been printed and distributed to a third party.

25. Defendant's breach caused Plaintiff's damages, including emotional and financial harm.

### B. Invasion of Privacy

4

26. Defendant intentionally or negligently disclosed Plaintiff's private facts to a third party without Plaintiff's consent. See Billings v. Atkinson, 489 S.W.2d 858, 860 (Tex. 1973) recognizing a cause of action for invasion of privacy due to the disclosure of private facts.

27. This disclosure was highly offensive and would be objectionable to a reasonable person.

28. Plaintiff suffered damages as a result of this invasion of privacy, including financial harm, emotional distress, and the **ongoing risk** of financial fraud and identity theft.

## C. Breach of Contract

29. Plaintiff and Defendant entered into a contractual agreement when the private information was provided to JPMorgan Chase, whereby Defendant agreed to protect Plaintiff's private information. See Lujan v. Navistar, Inc., 555 S.W.3d 79, 86 (Tex. 2018) requiring compliance with contractual obligations as a matter of law.

30. Defendant's employee, Shcarita R. Despenza entered into a contractual agreement, whereby Defendant agreed to pay for identity theft and credit monitoring product of Plaintiff's choice.

31. Defendant breached this agreement by improperly disclosing Plaintiff's personal information.

32. As a result, Plaintiff suffered damages.

## VI. DAMAGES

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff seeks:

33. Actual damages in an amount to be determined at trial, including compensation for emotional distress, financial harm, and other consequential damages.

34. Exemplary damages for Defendant's gross negligence and/or intentional conduct.

35. Pre-judgment and post-judgment interest as allowed by law.

36. Costs of court and attorneys' fees.

37. Such other and further relief as the Court deems just and proper.

## VII. RIGHT TO AMEND

38. Plaintiff reserves the right to amend this petition.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to

appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendant for:

    a.   Actual damages;

    b.   Exemplary damages;

    c.   Costs of court;

    d.   Pre- and post-judgment interest; and

    e.   Such other and further relief to which Plaintiff may be entitled at law or in equity.


Respectfully submitted,


Author Anderson

1670 N Hampton Road

#106

DeSoto, TX 75115

(773) 234-7622

6

FILED
1/2/2025 11:18 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Stephanie Clark DEPUTY

January 2, 2024

Dallas County District Clerk
600 Commerce St.
Dallas, TX 75202

Re: Case # DC-24-20769

Greetings,

Please issue citation (AMENDED ORIGINAL PETITION) to all Defendants in accordance with the information provided on the Defendant's website: https://www.chase.com/digital/resources/legal-paper-service

> *Litigation documents, Summons and Complaints, Foreclosure, Bankruptcy documents, Governmental Inquiries or all other documents:*
>
> **Legal Papers Served**
>
> **JPMorgan Chase Bank, N.A.**
>
> *Mail Code LA4-7100*
>
> *700 Kansas Lane*
>
> *Monroe, LA, 71203 United States*
>
> *Contact Information:*
>
> *Fax No.: 866-859-8592 or 317-757-7421*
>
> *Contact No.: 1-800-870-8482*

CERTIFIED MAIL should be an appropriate method of service.

If you have questions, please feel free to reach out to me at (773) 234-7622.

Thank you,

Author Anderson, Plaintiff

FORM NO. 353-3—CITATION
# THE STATE OF TEXAS

# CITATION

To: **JPMORGAN CHASE BANK, N.A.**
**MAIL CODE LA4-7100**
**700 KANSAS LANE**
**MONROE LA 71203**

No.: **DC-24-20769**

**AUTHOR ANDERSON**
**vs.**
**JPMORGAN CHASE BANK, N.A.**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **AUTHOR ANDERSON**

Filed in said Court **2nd day of January, 2025** against

**JPMORGAN CHASE BANK, N.A.**

For Suit, said suit being numbered **DC-24-20769,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 8th day of January, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

**ISSUED**
**on this the 8th day of January, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**AUTHOR ANDERSON**
1670 N HAMPTON RD #106
DESOTO TX 75115
773-234-7622

**Affidavit Of Inability To Pay**



**OFFICER'S RETURN**

Cause No. DC-24-20769

Court No.: 191st District Court

2025 FEB -6 PM 4: 56

Style: AUTHOR ANDERSON
vs.
JPMORGAN CHASE BANK, N.A.

FELICIA PITRE
DISTRICT CLERK
DALLAS CO, TEXAS
_____ DEPUTY

Came to hand on the _____8 TH_____ day of _____January_____, 20 _25_, at _9: ne_ o'clock _A_ .M.
Executed at _700 Kansas LN_____, within the County of _____ at _10:19_
o'clock _A_ .M. on the _____16 TH_____ day of _____January_____, 20 _25_, by delivering to the within named
_JP Morgan Chase Bank, N.A., By U.S. Certified Mail Restricted Delivery_
_Return Receipt Received and Signed by illegible signature_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness my hand.

For serving Citation    $_____    _illegible signature_
For mileage    $_____    of _____ County, _____
For Notary    $_____    By _Alice Tang_ _____ Deputy
                (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____,
            20_____, to certify which witness my hand and seal of office.

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

Notary Public _____ County _____

9314 8901 0661 5400 0302 9693 23

**UNITED STATES**
**POSTAL SERVICE**

January 16, 2025

Dear MAIL MAIL:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 0661 5400 0202 9693 23**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | January 16, 2025, 10:19 am |
| **Location:** | MONROE, LA 71203 |
| **Postal Product:** | USPS Ground Advantage™ |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | JPMORGAN CHASE BANK  N A |

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | X  Skmon Hong |
| | Skmon Hard |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000202969323
DC-24-20769/AT
JPMORGAN CHASE BANK, N.A.
MAIL CODE LA4-7100
700 Kansas Ln
Monroe, LA  71203-4774

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:**  **JPMORGAN CHASE BANK, N.A.**
**MAIL CODE LA4-7100**
**700 KANSAS LANE**
**MONROE LA  71203**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

 Said Plaintiff being **AUTHOR ANDERSON**

Filed in said Court **2nd day of January, 2025** against

**JPMORGAN CHASE BANK, N.A.**

For Suit, said suit being numbered **DC-24-20769,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office  **on this the 8th day of January, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
   **ALICE TORRES**



---

## CERTIFIED MAIL
# CITATION

**No.: DC-24-20769**

**AUTHOR ANDERSON**
**vs.**
**JPMORGAN CHASE BANK, N.A.**

**ISSUED**
**on this the 8th day of January, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**AUTHOR ANDERSON**
1670 N HAMPTON RD #106
DESOTO TX  75115
773-234-7622

**Affidavit Of Inability To Pay**

**OFFICER'S RETURN**

Cause No. DC-24-20769

Court No.: 191st District Court

2025 FEB -6 PM 4: 56

Style: AUTHOR ANDERSON
vs.
JPMORGAN CHASE BANK, N.A.

FELICIA PITRE
DISTRICT CLERK
DALLAS CO, TEXAS
DEPUTY

Came to hand on the _8TH_ day of _January_, 20 _25_, at _9:ne_ o'clock _A_.M.
Executed at _700 Kansas LN_, within the County of _____ at _10:19_
o'clock _A_.M. on the _16TH_ day of _January_, 20 _25_, by delivering to the within named
_JP Morgan Chase Bank, N.A., By U.S. Certified Mail Restricted Delivery_
_Return Receipt Received and Signed by illegible signature_
each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of
delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which
witness my hand.

For serving Citation    $_____    _illegible signature_
For mileage            $_____    of _____ County, _____
For Notary             $_____    By _Alice Tang_ _____ Deputy
                       (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____,
20_____, to certify which witness my hand and seal of office.

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

Notary Public _____ County _____

9314 8901 0661 5400 0202 9693 23



January 16, 2025

Dear MAIL MAIL:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 0661 5400 0202 9693 23**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | January 16, 2025, 10:19 am |
| **Location:** | MONROE, LA 71203 |
| **Postal Product:** | USPS Ground Advantage™ |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | JPMORGAN CHASE BANK  N A |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 921489010661540002029693323
DC-24-20769/AT
JPMORGAN CHASE BANK, N.A.
MAIL CODE LA4-7100
700 Kansas Ln
Monroe, LA  71203-4774

# U.S. District Court
## Northern District of Texas (Dallas)
### CIVIL DOCKET FOR CASE #: 3:25-cv-00312-E-BK

Anderson v. JPMorgan Chase Bank NA
Assigned to: Judge Ada Brown
Referred to: Magistrate Judge Renee Harris Toliver
Case in other court: 191st District Court of Dallas County, Texas,
      DC-24-20769
Cause: 28:1331 Fed. Question

Date Filed: 02/07/2025
Date Terminated: 04/17/2025
Jury Demand: None
Nature of Suit: 190 Contract: Other Contract
Jurisdiction: Federal Question

### Plaintiff

**Author Anderson**

represented by **Author Anderson**
1670 N Hampton Road
#106
DeSoto, TX 75115
773-234-7622
PRO SE

V.

### Defendant

**JP Morgan Chase Bank NA**

represented by **Christina M Carroll**
Greenberg Traurig, LLP
2200 Ross Ave.
Suite 5200
Dallas, TX 75201
214-665-3600
Email: christina.carroll@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/07/2025 | 1 | NOTICE OF REMOVAL filed by JPMORGAN CHASE BANK, N.A.. (Filing fee $405; receipt number BTXNDC-15249601) In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Cover Sheet Exhibit A - Civil Cover Sheet, # 2 Cover Sheet Supplement Exhibit B - Supplemental Civil Cover Sheet, # 3 Exhibit(s) C - State Court Docket Sheet, # 4 Exhibit(s) D - State Court Documents, # 5 Exhibit(s) E - Certificate of Interested Persons) (Carroll, Christina) (Entered: 02/07/2025) |

Case 3:25-cv-02214-K-BW    Document 1    Filed 08/15/25    Page 55 of 84    PageID 55

| 02/07/2025 | 2 | New Case Notes: A filing fee has been paid. CASREF-Case referral set and case referred to Magistrate Judge Toliver (see Special Order 3). Case received over counter or electronically. No prior sanctions found. (For court use only - links to the <u>national</u> and <u>circuit</u> indexes.) Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Toliver). Clerk to provide copy to plaintiff if not received electronically. (ndt) (Entered: 02/07/2025) |
|---|---|---|
| 02/07/2025 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:2. Fri Feb 7 16:34:53 CST 2025 (crt) (Entered: 02/07/2025) |
| 02/07/2025 | 3 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by JPMorgan Chase Bank NA. (Clerk QC note: No affiliate entered in ECF). (for image please see doc. <u>1</u> -5) (ndt) (Entered: 02/07/2025) |
| 02/10/2025 | 4 | ELECTRONIC ORDER AND NOTICE OF DEFICIENCY. Plaintiff Author Anderson must address the following deficiency: A review of the docket reveals that Plaintiff has not yet registered as a user of the Court's electronic filing system, as required. **In the event Plaintiff has not already done so, Plaintiff is ORDERED to register for electronic filing through this Court's CM/ECF system, as required by Northern District of Texas Local Civil Rule 5.1(f), by March 3, 2025.** Instructions for registering are found online at https://www.txnd.uscourts.gov/file-registration. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE DISMISSAL OF THIS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b). (Ordered by Magistrate Judge Renee Harris Toliver on 2/10/2025) (chmb) (Entered: 02/10/2025) |
| 02/10/2025 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:4. Mon Feb 10 08:50:18 CST 2025 (crt) (Entered: 02/10/2025) |
| 02/10/2025 | 5 | MOTION to Remand filed by Author Anderson (ykp) (Entered: 02/10/2025) |
| 02/12/2025 | 6 | NOTICE of Non-Opposition to Remand filed by JPMorgan Chase Bank NA re: <u>5</u> MOTION to Remand (Carroll, Christina) Modified text on 2/13/2025 (knb). (Entered: 02/12/2025) |
| 02/14/2025 | 7 | ANSWER to Complaint filed by JPMorgan Chase Bank NA. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Carroll, Christina) (Entered: 02/14/2025) |
| 03/03/2025 | 8 | RESPONSE filed by JP Morgan Chase Bank NA re <u>5</u> MOTION to Remand, <u>6</u> NOTICE of Non-Opposition to Remand. (Carroll, Christina) Modified event text on 3/3/2025 (knb). (Entered: 03/03/2025) |
| 03/17/2025 | 9 | FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE: Plaintiff's <u>5</u> Motion to Remand should be GRANTED, and this case should be REMANDED to the 191st Judicial District of Dallas County, Texas. (Ordered by Magistrate Judge Renee Harris Toliver on 3/17/2025) (twd) (Entered: 03/17/2025) |
| 03/17/2025 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:9. Mon Mar 17 16:10:35 CDT 2025 (crt) (Entered: 03/17/2025) |
| 04/17/2025 | 10 | ORDER ACCEPTING <u>9</u> FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE. (Ordered by Judge Ada Brown on 4/17/2025) (agc) (Entered: 04/17/2025) |

Case 3:25-cv-02214-K-BW  Document 1  Filed 08/15/25  Page 56 of 84  PageID 56

| 04/17/2025 | 11 | JUDGMENT: It is ORDERED that Plaintiffs case be REMANDED to the 191st Judicial District of Dallas County, Texas. (Ordered by Judge Ada Brown on 4/17/2025) (Attachments: # 1 Remand Letter) (agc) (Entered: 04/17/2025) |



CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK

BY S/ ANTHONYCHRISTO
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF TEXAS

April 21, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUTHOR ANDERSON, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 3:25-CV-312-E-BK |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| DEFENDANT. | § | |

## JUDGMENT

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered, it is **ORDERED, ADJUDGED, AND DECREED** that Plaintiff's case be **REMANDED** to the 191st Judicial District of Dallas County, Texas.

**SO ORDERED**: this 17th day of April, 2025.

Ada Brown
UNITED STATES DISTRICT JUDGE

JUDGMENT                                                                 Page 1 of 1

FILED
6/27/2025 11:41 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Treva Parker-Ayodele DEPUTY

Case 3:25-cv-02214-K-BW     Document 1     Filed 08/15/25     Page 59 of 84     PageID 598

CAUSE NO. DC-24-20769

| | | |
|---|---|---|
| **AUTHOR ANDERSON,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **191ST JUDICIAL DISTRICT** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT'S SPECIAL EXCEPTIONS, AMENDED ANSWER, AND AMENDED AFFIRMATIVE DEFENSES

Defendant JPMorgan Chase Bank, N.A. ("*Chase*") hereby files its *Special Exceptions, Amended Answer, and Amended Affirmative Defenses*[1] (collectively, the "*Answer*") to Plaintiff Author Anderson's ("*Plaintiff*") *First Amended Original Petition* ("*Petition*") as follows:

## I.     SPECIAL EXCEPTIONS

Pursuant to Texas Rule of Civil Procedure 91, a party may file special exceptions to point out "intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." Under Texas law, a petition must provide "fair and adequate notice of the facts upon which the pleader bases [its] claim. The purpose of this rule is to give the opposing party information sufficient to enable [it] to prepare a defense." *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). "Although special exceptions are generally considered to be the means by which an adverse party may force clarification of vague pleadings, they may also be used to determine whether the plaintiff has pled a cause of action permitted by law." *San Benito Bank & Tr. Co. v. Landair Travels*, 31 S.W.3d 312, 317 (Tex.

---

[1] This action was remanded back to this Court with no opposition. Chase filed its Original Answer in the Northern District of Texas, Dallas Division, before remand. Although Plaintiff has not provided notice of remand as required by Federal Rule of Civil Procedure 237a, Chase files this Answer to protect its rights.

App.—Corpus Christi 2000); *see also* TEX. R. CIV. P. 91; *Trevino v. Ortega*, 969 S.W.2d 950, 950-51 (Tex. 1998). A court is not required to allow a pleader an opportunity to amend his pleading if "the pleading defect is of a type that amendment cannot cure." *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). "If there is no reasonable probability that further amendment would disclose facts legally sufficient to sustain a cause of action, the trial court may properly refuse further leave to amend." *Mowbray v. Avery*, 76 S.W.3d 663, 678 (Tex. App.—Corpus Christi—Edinburg 2002, pet. denied).

Here, Plaintiff's Petition fails to provide Chase with fair and adequate notice of the facts upon which Plaintiff bases his claims and contains defective pleadings that the Court should order Plaintiff to cure through amendment, if such cure is possible. For defective pleadings that cannot be cured, the Court should strike those pleadings from the Petition without leave to amend.

**A.    Plaintiff's Breach of Contract Claim is Barred by the Statute of Frauds to the Extent the Claim Relies Upon an Alleged Oral Contract Exceeding a One-Year Term.**

Chase specially excepts to paragraphs 13 and 30 of Plaintiff's Petition to the extent Plaintiff alleges an oral contract that falls within the statute of frauds. The statute of frauds provides that an agreement that is not to be performed within one year of its making is not enforceable unless the agreement is in writing and signed. *See* TEX. BUS. & COM. CODE § 26.01. In his Petition, Plaintiff alleges that Chase's employee, Shearita R. Despenza, "advised Plaintiff by phone that Defendant would pay for an identity theft and credit monitoring product of the Plaintiff's choosing." Pet. ¶ 13. Plaintiff further alleges that Ms. Despenza "entered into a contractual agreement, whereby Defendant agreed to pay for identity theft and credit monitoring product of Plaintiff's choice." *Id.* ¶ 30. Based on these allegations, Plaintiff is claiming that he entered into an oral contract with Ms. Despenza. However, to the extent Plaintiff alleges the term for this oral contract exceeds one-year, it falls within the statue of frauds and is unenforceable as a matter of law. The Court should order

Plaintiff to amend his Petition to clarify the term of the alleged oral contract. *See Baylor Univ.*, 221 S.W.3d at 635 ("The purpose of a special exception is to compel the clarification of the opposing party's pleading if it is not sufficiently specific or fails to plead a cause of action.").

**B.    Plaintiff Fails to Allege All of the Essential Elements of his Claims.**

"[I]f a plaintiff does not plead all the elements of its cause of action, the defendant can, through special exceptions, require the plaintiff to plead specifically." *Williams v. Neutercorp*, No. 01-94-00823-CV, 1995 WL 231140, at *6 (Tex. App.—Houston [1st Dist.] Apr. 20, 1995, no writ); *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex. App.—Corpus Christi 1990, no writ); *Spencer v. City of Seagoville*, 700 S.W.2d 953, 957 (Tex. App.—Dallas 1985, no writ). Here, Plaintiff fails to allege all the elements of his negligence, invasion of privacy, and breach of contract claims. As more fully described below, these claims also contain incurable defects, such that the Court should strike or otherwise dismiss all or part of these claims without leave to amend.

**1.    Plaintiff Fails to Allege All of the Elements of his Negligence Claim.**

**a.    Plaintiff fails to allege a cognizable legal duty.**

Chase specially excepts to paragraphs 7 and 21 of Plaintiff's Petition because Plaintiff fails to allege any cognizable legal duty by Chase to protect Plaintiff's personal information. In his Petition, Plaintiff refers to the Gramm-Leach-Bliley Act ("***GLBA***"), the Texas Deceptive Trade Practices-Consumer Protection Act ("***DTPA***"), "applicable state privacy laws," and Chase's "internal policies" as requiring Chase to protect Plaintiff's information. *See* Pet. ¶¶ 7, 21. These pleadings are defective.

First, while Plaintiff references Sections 6801(b) and 6805(b) of the GLBA, the GLBA provides no private right of action. *See id.*; *see, e.g.*, *Haynes v. Am.'s Car-Mart, Inc.*, No. 5:24-CV-00067-RWS-JBB, 2024 WL 4729491, at *9 (E.D. Tex. Sept. 23, 2024), *report and*

*recommendation adopted*, No. 5:24-CV-67-RWS-JBB, 2024 WL 4533301 (E.D. Tex. Oct. 21, 2024) ("[F]ederal courts have consistently held that no private right of action exists for an alleged violation of the GLBA."); *Rushing v. Exeter Fin. L.L.C.*, No. 3:22-CV-01704-G (BT), 2022 WL 17083660, at \*2 (N.D. Tex. Oct. 26, 2022), *report and recommendation adopted*, No. 3:22-CV-1704-G-BT, 2022 WL 17084143 (N.D. Tex. Nov. 17, 2022).

Second, a company's internal policies or procedures do not create a negligence duty where none otherwise exists. *See Cleveland Reg'l Med. Ctr., L.P. v. Celtic Props., L.C.*, 323 S.W.3d 322, 351-52 (Tex. App.—Beaumont 2010); *Entex v. Gonzalez*, 94 S.W.3d 1, 9 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Jacobs-Cathey Co. v. Cockrum*, 947 S.W.2d 288, 291-92 (Tex. App.—Waco 1997, writ denied). As a matter of law, policies do not even inform a standard of care. *See FFE Transp. Servs. v. Fulgham*, 154 S.W.3d 84, 92 (Tex. 2004); *Owens v. Comerica Bank*, 229 S.W.3d 544, 547 (Tex. App.—Dallas 2007, no pet.).

Third, Plaintiff fails to identify any specific provision of the DTPA, any state privacy law, or any policy that supports any duty. Without more, Chase has insufficient information to understand the source of Chase's purported duty and mount a defense against Plaintiff's negligence claim.

The Court should strike Plaintiff's negligence claim to the extent it relies upon either the GLBA or Chase's internal policies, without leave to amend. *See Holt v. Reprod. Servs.*, 946 S.W.2d 602, 607 (Tex. App.—Corpus Christi 1997, writ denied) (affirming trial court's sustaining of special exceptions and dismissal of negligence clam for failure to allege cognizable duty of care). The Court should otherwise order Plaintiff to specifically plead a cognizable legal duty.

**b.    Plaintiff fails to allege all of the elements of a negligence *per se* claim.**

Chase specially excepts to paragraphs 21-25 of Plaintiff's Petition because, to the extent

Plaintiff asserts negligence *per se*, he fails to allege all the elements of this claim. A negligence *per se* claim requires a showing of the same elements as a common-law negligence claim, but the "duty" element is imposed by statute. *See Thomas v. Uzoka*, 290 S.W.3d 437, 445 (Tex. App.— Houston [14th Dist.] 2009, pet. denied). To establish a negligence *per se* claim, "a plaintiff must prove: (1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury." *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 265 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *see also Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985).

In his Petition, Plaintiff only alleges simple "Negligence" but references the GLBA, DTPA, and unidentified state privacy laws. To the extent Plaintiff asserts a claim for negligence *per se*, Plaintiff fails to allege all of the essential elements of this claim, including any alleged act or omission by Chase that violates any statute or ordinance and that Plaintiff was within the class of persons that the statute or ordinance was designed to protect. The Court should order Plaintiff to replead this claim.

### 2.    Plaintiff Fails to Allege all of the Elements of his Invasion of Privacy Claim.

Chase specially excepts to paragraphs 26-28 in the Petition because Plaintiff fails to identify which type of invasion of privacy claim he is asserting. Texas law recognizes three types of claims for invasion of privacy: (1) intrusion on seclusion, (2) public disclosure of private facts, and (3) appropriation of name or likeness.[2] *See Cain*, 878 S.W.2d at 578. Plaintiff does not specify which type of invasion of privacy claim he alleges and, therefore, fails to give Chase fair

---

[2]    The Texas Supreme Court abolished the fourth type, "false light" invasion of privacy. *See Cain v. Hearst Corp.*, 878 S.W.2d 577, 578 (Tex. 1994).

and adequate notice of the facts upon which he bases his claim. Plaintiff also fails to allege all of the necessary elements of any of the three types—intrusion upon seclusion, public disclosure, or appropriation.

   a.   **Plaintiff fails to allege all of the elements of Invasion of Privacy— Intrusion Upon Seclusion.**

To establish an actionable invasion of privacy by intrusion upon seclusion claim, a plaintiff must show (1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person. *See Moore v. Bushman*, 559 S.W.3d 645, 649 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993)). Texas courts have found the following acts to be intrusion upon seclusion: physical invasion of property, eavesdropping or spying with wiretaps or microphones, and photographs or videos taken without consent. *See Vaughn v. Drennon*, 202 S.W.3d 308, 320 (Tex. App.—Tyler 2006, pet. denied); *GTE Mobilnet of S. Tex. Ltd. P'ship v. Pascouet*, 61 S.W.3d 599, 618 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *Clayton v. Richards*, 47 S.W.3d 149, 155-56 (Tex. App.—Texarkana 2001, pet. denied).

Plaintiff fails to allege all of the elements of an intrusion upon seclusion claim, including any intentional intrusion, physically or otherwise, upon Plaintiff's solitude, seclusion, or private affairs or concerns. Rather, Plaintiff alleges that he voluntarily disclosed his personal information to Chase while being added to a business bank account. *See* Pet. ¶ 9 ("Plaintiff was being added to a business account held with Defendant, which required sharing sensitive private personal information…."). This is fatal to his claim as a matter of law. *See Clayton v. Richards*, 47 S.W.3d 149, 153 (Tex. App.—Texarkana 2001, pet. denied) ("The core of the tort of invasion of privacy is the offense of prying into the private domain of another, not the publicity that may result from such prying."); *Logan v. Marker Group, Inc.*, No. 4:22-CV-00174, 2024 WL 3489208, at *9 (S.D.

Tex. July 18, 2024) (dismissing intrusion upon seclusion claim because plaintiff voluntarily gave his information to defendant); *Walters v. Blue Cross & Blue Shield of Tex., Inc.*, No. 3:21-CV-981-L, 2022 WL 902735, at *4 (N.D. Tex. Mar. 28, 2022) (dismissing intrusion upon seclusion claim because defendant's provision of medical records to third-party, while exceeding prior authorization, did not qualify as an "intrusion" under the case law). The Court should strike or otherwise dismiss this claim without leave to amend.

> **b.** **Plaintiff fails to allege all of the elements of Invasion of Privacy—Public Disclosure.**

The three elements of invasion of privacy by public disclosure are (1) publicity was given to matters concerning one's personal life; (2) publication would be highly offensive to a reasonable person of ordinary sensibilities; and (3) the matter publicized is not of legitimate public concern. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473-74 (Tex. 1995) (citing *Industrial Found. of the South v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 682 (Tex. 1976). "Publicity" requires communication "to more than a small group of persons; the matter must be communicated to the public at large, such that the matter becomes one of public knowledge." *Industrial Found.*, 540 S.W.2d at 683-84.

Plaintiff fails to plead all the elements of a public disclosure claim, including the elements that publicity was given to matters of his personal life and that the matter publicized is not of legitimate public concern. Indeed, Plaintiff alleges that Chase distributed his information to a sole "third-party," which is insufficient to meet the "publicity" element. *See* Pet. ¶ 8; *see also Industrial Found.*, 540 S.W.2d at 683-84. The Court should strike or otherwise dismiss this claim without leave to amend.

      c.    **Plaintiff fails to allege all of the elements of Invasion of Privacy— Appropriation.**

The three elements of invasion of privacy by misappropriation are (1) the defendant appropriated the plaintiff's name or likeness for the value associated with it; (2) the plaintiff can be identified from the publication; and (3) there was some advantage or benefit to the defendant. *See Express One Int'l, Inc. v. Steinbeck*, 53 S.W.3d 895, 900 (Tex. App.—Dallas 2001, no pet.). Texas law applies a very restrictive interpretation of the tort. *See Cardiovascular Provider Res., Inc. v. Gottlich*, No. 05-13-01763-CV, 2015 WL 4914725, at *3 (Tex. App.—Dallas Aug. 18, 2015, pet. denied) (mem. op.) (citing *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007)).

Nowhere in the Petition does Plaintiff allege any of the elements of a wrongful appropriation claim, including (1) that Chase appropriated Plaintiff's name or likeness for the value associated with it; (2) that Plaintiff can be identified from any publication; and (3) that Chase gained any advantage or benefit from the appropriation. The Court should order Plaintiff to replead this claim.

     **3.**    **Plaintiff fails to allege the elements of his breach of contract claim.**

Chase specially excepts to paragraphs 29-32 of Plaintiff's Petition because Plaintiff fails to allege all of the essential elements of his breach of contract claim. To state a claim for breach of contract, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Marquis Acquisitions, Inc. v. Steadfast Ins. Co.*, 409 S.W.3d 808, 813-14 (Tex. App.—Dallas 2013, no pet.); *Valero Mktg. & Supply Co. v. Kalama Intern.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

Plaintiff fails to allege (1) the existence of a valid contract; (2) performance or tendered performance by Plaintiff, including any performance of any conditions precedent; (3) breach of any alleged oral contract to provide credit monitoring services; and (4) damages beyond mere conclusory statement. With respect to the first element—the existence of a valid contract— Plaintiff generally references two "contracts" in connection with this claim: (1) a contractual agreement whereby Chase allegedly agreed to protect Plaintiff's private information and (2) a contractual agreement whereby Chase allegedly orally agreed to pay for identity theft and credit monitoring. *See* Pet. ¶¶ 29-30. Plaintiff does not attach any contract to his Petition, nor does he allege the substance of any provision of any contract that Chase purportedly breached.

As to the second element—Plaintiff's performance—it is wholly missing from the Petition. As to the third element—breach—Plaintiff fails to allege anywhere in his Petition how Chase purportedly breached an oral agreement to provide credit monitoring services. Plaintiff only alleges that, on December 2, 2022, he followed up to discuss "the totality of a resolution and check the status of the payment for the identity theft and credit monitoring product" and that he subsequently asked for "escalation" of the matter which was purportedly never carried out. *See id.* at ¶¶ 13-16. Nowhere does Plaintiff allege that Chase did not pay for a credit monitoring product.

Finally, as to the fourth element—damages—Plaintiff alleges that Chase's action has "the potential to cause harm to the Plaintiff indefinitely," that "Plaintiff suffered harm, including [...] potential & actual financial losses," and in further conclusory fashion that, "Plaintiff suffered damages." *See id.* at § IV ¶¶ 13, 14 & § V(C) ¶ 4. Plaintiff does not mention any amount of damages or any actual damages sustained, which is a required element for a breach of contract claim. The Court should order Plaintiff to replead this claim.

**C.    Plaintiff Seeks Relief Without Specifying the Maximum Amount Claimed.**

Chase specially excepts to Plaintiff's Petition because it fails to state the maximum amount of relief Plaintiff seeks based on his claims. Rule 47(c) of the Texas Rules of Civil Procedure (the "Rules") requires Plaintiff to include in his pleading a statement that he seeks:

(1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs;

(2) monetary relief of $250,000 or less and non-monetary relief;

(3) monetary relief over $250,000 but not more than $1,000,000; or

(4) monetary relief over $1,000,000; and

(5) only non-monetary relief …

Rule 47 expressly provides that, "upon special exception the court shall require the pleader to specify the maximum amount claimed." The Court should order Plaintiff to plead the maximum amount claimed.

## II.    <u>GENERAL DENIAL</u>

Pursuant to Rule 92, Chase generally denies each and every claim and cause of action asserted by Plaintiff and demands strict proof thereof.

## III.    <u>AFFIRMATIVE DEFENSES</u>

Pursuant to Rule 94, and to the extent required, without waiving or excusing Plaintiff's burden of proof or admitting that any of the following are defenses upon which Chase has any burden of proof as opposed to denials of matters as to which Plaintiff has the burden of proof, or that Chase has any burden of proof at all, Chase hereby asserts the following affirmative defenses:

1.    Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

2.    Plaintiff's claims are barred, in whole or in part, because his own acts and omissions

proximately caused or contributed to any alleged loss or injury. Chase further pleads all applicable provisions of Chapter 33 of the Texas Civil Practice and Remedies Code pertaining to contribution and proportionate responsibility and assert that Plaintiff's recovery must be reduced by a percentage equal to his responsibility and the responsibility of other parties, responsible third parties, and settling persons in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.

3.      Plaintiff's claims are barred, in whole or in part, because of the economic-loss or contort doctrine.

4.      Plaintiff's claims are barred, in whole or in part, because Chase did not owe or assume any duty to Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, because no act or failure to act on Chase's part proximately caused any of the alleged injuries or damages claimed by Plaintiff.

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

7.      Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to past or future mental anguish or emotional harm damages for simple negligence.

8.      Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to exemplary damages given that Plaintiff has not sufficiently pled allegations of intentional or willful conduct or intentional acts authorized or ratified by Chase.

9.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to an award of punitive damages given that Plaintiff has not alleged sufficient grounds that would constitute gross negligence, malice, or reckless indifference.

10.    Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to recover damages for speculative future damages.

11.    Plaintiff's claims are barred, in whole or in part, because of the inferential rebuttal of sudden emergency.

12.    Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

13.    Plaintiff's claims are barred, in whole or in part, by the doctrine of mutual mistake.

14.    Plaintiff's claims are barred, in whole or in part, by the doctrine of modification.

15.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

16.    Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

17.    Plaintiff's claims are barred, in whole or in part, by failure to satisfy conditions precedent.

18.    Plaintiff's claims are barred, in whole or in part, because Chase's performance, if any, was excused.

19.    Plaintiff's claims are barred, in whole or in part, because no valid contract exists.

20.    Plaintiff's claims are barred, in whole or in part, because of lack of mutual assent.

21.    Plaintiff's claims are barred, in whole or in part, because Chase is entitled to offset.

22.    Plaintiff's claims are barred, reduced, and/or limited, in whole or in part, pursuant to applicable statutory and common law regarding limitation of awards, caps on recovery, and setoffs.

## IV.    REQUEST FOR RELIEF

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. respectfully requests that Plaintiff take nothing by reason of his suit against Chase, and that the Court grant such other and further relief, at law or in equity, to which Chase may be justly entitled.


DATED: June 27, 2025                      Respectfully Submitted,

                                          **GREENBERG TRAURIG, LLP**

                                          */s/ Christina M. Carroll*
                                          Christina M. Carroll
                                          State Bar No. 24092868
                                          Christina.carroll@gtlaw.com
                                          **Greenberg Traurig**
                                          2200 Ross Avenue, Suite 5200
                                          Dallas, Texas 75201
                                          (214) 665-3600 (main)
                                          (214) 665-3601 (facsimile)

                                          **ATTORNEY FOR DEFENDANT**
                                          **JPMORGAN CHASE BANK, N.A.**


## CERTIFICATE OF SERVICE

I certify that on June 27, 2025, I served a copy of the foregoing document through the Court's CM/ECF system on all counsel of record.


                              By: */s/ Christina Carroll*
                                  Christina Carroll

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cheri Elmore on behalf of Christina Carroll
Bar No. 24092868
cheri.elmore@gtlaw.com
Envelope ID: 102522124
Filing Code Description: Amended Answer - Amended General Denial
Filing Description: EXCEPTIONS-DEF
Status as of 6/30/2025 2:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christina Carroll | 24092868 | christina.carroll@gtlaw.com | 6/27/2025 11:41:08 AM | SENT |
| Cheri Elmore | | Cheri.Elmore@gtlaw.com | 6/27/2025 11:41:08 AM | SENT |
| AUTHOR ANDERSON | | author_anderson@mail.harvard.edu | 6/27/2025 11:41:08 AM | SENT |
| Jessica Enriquez | | jessica.enriquez@gtlaw.com | 6/27/2025 11:41:08 AM | SENT |

FILED
7/17/2025 3:07 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Lafonda Sims DEPUTY

Case 3:25-cv-02214-K-BW    Document 1    Filed 08/15/25    Page 73 of 84    PageID 73

CAUSE NO. <u>DC-24-20769</u>

| | | |
|---|---|---|
| Author Anderson | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | <u>191st</u> JUDICIAL DISTRICT |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Author Anderson files this Response to Defendant JPMorgan Chase Bank, N.A.'s Special

Exceptions and would show the Court as follows:

1. Plaintiff acknowledges receipt of Defendant's Special Exceptions.
2. Plaintiff contemporaneously files a Second Amended Original Petition addressing each exception by clarifying the following:

   - Damages are specifically pleaded consistent with Texas Rule 47.
   - Causes of action are specifically identified as: Breach of Oral Contract, Invasion of Privacy (Public Disclosure of Private Facts), and Negligence (Breach of Duty of Confidentiality under Texas Finance Code §59.001).
   - Elements of each cause of action are clearly set forth.
   - Plaintiff expressly pleads facts supporting each cause of action as required by Texas law.
   - Plaintiff expressly pleads mental anguish and reputational harm as distinct, recoverable damages under Texas law, independent of financial loss.

3. Plaintiff respectfully requests that the Court overrule Defendant's Special Exceptions as moot and/or satisfied by the filing of Plaintiff's Second Amended Original Petition.

Respectfully submitted,

1

Author Anderson

1670 N Hampton Road

#106

DeSoto, TX 75115

(773) 234-7622

2

Copy from re:SearchTX

FILED
7/17/2025 2:59 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Lafonda Sims DEPUTY

## CAUSE NO. <u>DC-24-20769</u>

| | | |
|---|---|---|
| Author Anderson | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | <u>191st</u> JUDICIAL DISTRICT |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AUTHOR ANDERSON, "Plaintiff", and files this Second Amended Original Petition complaining of JPMorgan Chase Bank, N.A. "Defendant" or "Chase", and for cause of action respectfully shows the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

2. Plaintiff, Author Anderson, is an individual residing in Dallas County, Texas.

3. Defendant, JPMorgan Chase Bank, N.A., is a national banking association with business operations in Texas. Defendant may be served with process by serving its registered agent:

   CT Corporation System

   1999 Bryan St., Suite 900, Dallas, TX 75201.

Copy from re:SearchTX

1

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter as the Plaintiff currently seeks monetary relief over $250,000 but not more than $1,000,000.

5. Defendant, JPMorgan Chase Bank, N.A., conducts substantial business in Texas, including operating multiple branches and maintaining customers in Dallas County.

6. Although the privacy breach occurred at a Chase branch in New Orleans, Louisiana, Plaintiff resides in Dallas County, Texas, and suffered harm in Texas. Venue is proper in Dallas County under Section 15.002 of the Texas Civil Practice and Remedies Code because a substantial part of the harm giving rise to this claim occurred in this county.

## IV. FACTUAL BACKGROUND

7. Defendant is subject to federal and state privacy laws, including specific provisions of the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801(b), 6805(b)), which mandate the implementation of administrative, technical, and physical safeguards to protect customer information, as well as applicable Texas state laws, such as the Texas Deceptive Trade Practices-Consumer Protection Act (Tex. Bus. & Com. Code § 17.41 et seq.), requiring it to safeguard sensitive customer information.

8. Defendant breached these obligations by disclosing Plaintiff's private information to a third party without authorization, causing Plaintiff harm, including emotional distress, financial loss, and a loss of privacy.

9. Plaintiff was being added to a business bank account held with Defendant, which required sharing sensitive private personal information, such as Social Security Number, copy of debit card, copy of passport, other personal details, financial details, and contact information.

10. On November 23, 2022, Defendant's employee, James Phillips, printed and improperly disclosed and distributed Plaintiff's private and sensitive personal information, by handing copies of all

2

Copy from re:SearchTX

personal identity and financial documents to a third party without Plaintiff's knowledge or consent.

11. Plaintiff reached out to James Phillips via email on November 24, 2022, after learning of the breach. James Phillips never responded.

12. On December 1, 2022, Plaintiff reached out via email to a nearby Branch Manager, D'Juan Mitchell, who advised contacting Executive Director, Shearita R. Despenza.

13. On December 2, 2022, Defendant's employee, Shearita R. Despenza advised Plaintiff by phone that Defendant would pay for an identity theft and credit monitoring product of the Plaintiff's choosing.

14. Plaintiff followed up on March 27, 2023, to discuss the totality of a resolution and check the status of the payment for the identity theft and credit monitoring product.

15. Plaintiff followed up on August 30, 2023, via email to request that Shearita R. Despenza escalate the matter to her supervisor to be more appropriately addressed. Plaintiff's request was not honored in Defendant's response.

16. Plaintiff followed up on August 31, 2023, to again request the same escalation that was previously denied. Escalation was never carried out, despite multiple requests.

17. On October 18, 2024, Plaintiff filed CFPB complaint, and Defendant took over two months to respond, ironically delaying the response to **Friday**, November 22, 2024—one day before the two-year anniversary of the improper disclosure and distribution, and two days before the two-year anniversary of Plaintiff learning of the improper disclosure and distribution.

18. This improper disclosure and distribution occurred despite Defendant's duty to safeguard Plaintiff's information as required by contract, industry standards, and applicable state and federal laws.

19. The Defendant's improper disclosure and distribution of private identity and financial documents and information have the potential to cause harm to the Plaintiff **<u>indefinitely</u>**.

3

Copy from re:SearchTX

20. As a direct and proximate result of Defendant's actions, Plaintiff suffered harm, including but not limited to **emotional distress, loss of privacy, potential & actual financial losses**, and other damages to be proven at trial.

## V. CAUSES OF ACTION

### A. Negligence

21. Defendant owed Plaintiff a duty of confidentiality under Texas Finance Code §59.001 and Texas common law, as well as a duty to exercise reasonable care in protecting Plaintiff's sensitive personal information, as required by the Gramm-Leach-Bliley Act (15 U.S.C. § 6801(b)), applicable state privacy laws, and Defendant's internal policies. See St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc., 193 S.W.3d 54, 60 (Tex. App. 2006) holding entities have a duty to safeguard sensitive information.

22. Defendant breached this duty by negligently disclosing/distributing Plaintiff's private information, failing to adhere to industry-standard protocols for information security, such as implementing strict access controls, encryption, and regular employee training on data privacy requirements.

23. Defendant's breach was the direct and proximate cause of Plaintiff's damages, including mental anguish, reputational harm, credit costs, and other consequential damages.

24. Defendant made NO ATTEMPTS whatsoever to notify Plaintiff that all of Plaintiff's personal private identity and financial information had been printed and distributed to a third party.

25. Defendant's breach caused Plaintiff's damages, including emotional and financial harm.

### B. Invasion of Privacy

4

Copy from re:SearchTX

26. Defendant intentionally or negligently disclosed Plaintiff's highly private financial and personal facts to a third party without Plaintiff's consent. See Billings v. Atkinson, 489 S.W.2d 858, 860 (Tex. 1973) recognizing a cause of action for invasion of privacy due to the disclosure of private facts.

27. This disclosure was highly offensive and would be objectionable to a reasonable person.

28. Plaintiff suffered damages as a result of this invasion of privacy, including mental anguish, financial harm, reputational harm, emotional distress, and the **ongoing risk** of financial fraud and identity theft.

## C. Breach of Contract

29. Plaintiff and Defendant entered into a contractual agreement when the private information was provided to JPMorgan Chase, whereby Defendant agreed to protect Plaintiff's private information. See Lujan v. Navistar, Inc., 555 S.W.3d 79, 86 (Tex. 2018) requiring compliance with contractual obligations as a matter of law.

30. Defendant's employee, Shearita R. Despenza entered into a contractual agreement, whereby Defendant agreed to pay for identity theft and credit monitoring product of Plaintiff's choice.

31. Defendant breached this agreement by improperly disclosing Plaintiff's personal information.

32. As a result, Plaintiff suffered damages.

## VI. DAMAGES

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff seeks:

33. Monetary relief over $250,000 but not more than $1,000,000, as provided under Texas Rule of Civil Procedure 47.

5

Copy from re:SearchTX

34. Actual damages in an amount to be determined at trial, including compensation for emotional distress; financial harm; reputational harm; ongoing identity protection services; PERMANENT loss of control over Plaintiff's personal identity and financial information, including constant fear of identity theft, fraudulent activities, or criminal actions committed using Plaintiff's identity; and other consequential damages.

35. Exemplary damages for Defendant's gross negligence and/or intentional conduct.

36. Pre-judgment and post-judgment interest as allowed by law.

37. Costs of court and attorneys' fees.

38. Such other and further relief as the Court deems just and proper.

## VII. RIGHT TO AMEND

39. Plaintiff reserves the right to amend this petition.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendant for:

 a. Actual damages;

 b. Exemplary damages;

 c. Costs of court;

 d. Pre- and post-judgment interest; and

 e. Such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

6

Copy from re:SearchTX

Author Anderson

1670 N Hampton Road

#106

DeSoto, TX 75115

(773) 234-7622

Copy from re:SearchTX

# EXHIBIT D

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT
DALLAS DIVISION**

| | | |
|---|---|---|
| Author Anderson, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| JPMORGAN CHASE BANK N.A., | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
<u>CERTIFICATE OF INTERESTED PERSONS</u>**

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rules 3.1(c), 3.2(e), 7.4, 81.1(a)(4)(D), and 81.2, Defendant JPMorgan Chase Bank, N.A. files this Certificate of Interested Persons and states as follows:

JPMorgan Chase Bank, N.A. is a wholly owned subsidiary of JPMorgan Chase & Co., which is a publicly held corporation. JPMorgan Chase & Co. does not have a parent company, and no publicly held corporation owns 10% or more of its stock. However, The Vanguard Group, Inc., an investment adviser that is not a publicly held corporation, has reported that registered investment companies, other pooled investment vehicles and institutional accounts that it or its subsidies sponsor, manage, or advise have aggregate ownership under certain regulations of 10% or more of the stock of JPMorgan Chase & Co.

Dated: August 15, 2025                        Respectfully submitted,

                                              **GREENBERG TRAURIG, LLP**


                                              */s/ DRAFT*
                                              Christina M. Carroll
                                              State Bar No. 24092868
                                              Christina.carroll@gtlaw.com
                                              Brennwyn B. Romano
                                              State Bar No. 24099028
                                              romanob@gtlaw.com
                                              **GREENBERG TRAURIG, LLP**
                                              2200 Ross Avenue, Suite 5200
                                              Dallas, Texas 75201
                                              (214) 665-3600 (main)
                                              (214) 665-3601 (facsimile)

                                              **ATTORNEYS FOR DEFENDANT
                                              JPMORGAN CHASE BANK, N.A.**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2025, a true copy of the foregoing was electronically filed through the Court's CM/ECF system, which will send notices of electronic filing to all counsel of record.

                                              */s/ Christina M. Carroll*
                                              Christina M. Carroll