IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUTHOR ANDERSON, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-2214-K-BW | |
| § | | |
| JPMORGAN CHASE BANK, N.A., § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
# OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Author Anderson's Motion for Leave to File Amended Complaint filed on December 3, 2025. (Dkt. No. 31 ("Mot.").) Defendant JPMorgan Chase Bank, N.A. ("JPMC") filed a response on December 18 (Dkt. No. 35 ("Resp.")), and Anderson filed a reply on December 19 (Dkt. No. 36).

Based on the briefing and applicable authority, the undersigned recommends that Anderson's motion to amend be denied.

## I. BACKGROUND

Anderson filed this lawsuit in state court in November 2024 alleging claims against JPMC relating to an authorized disclosure of his personal information. (*See* Dkt. No. 1 at ECF 32-36 ("Orig. Pet.").)[2] JPMC first removed the action on

---

[1] This pro se case was automatically referred to the undersigned magistrate judge for case management by Special Order 3-251. (*See* Dkt. No. 3.)

[2] The undersigned cites "ECF" to refer to the page assigned by the ECF system and displayed in blue on the top of the page.

-1-

February 7, 2025, based on federal question jurisdiction, and the suit was docketed in Case No. 3:25-CV-312-E-BK. JPMC, however, did not oppose remand after Anderson clarified that he asserted no federal claims in this lawsuit. (No. 3:25-CV-312-E-BK, Dkt. Nos. 6, 11.) But JPMC removed the action a second time—this time based on diversity of citizenship—on August 15, 2025, soon after Anderson amended his petition in state court to clarify that he sought monetary damages greater than $250,000. (*See* Dkt. No. 1 at ECF p. 76.)

Anderson moved to remand the case to state court, arguing that he did not assert federal claims, that JMPC's ubiquitous presence and business in Texas should preclude it from claiming diversity of citizenship, and that JPMC's settlement offer and arguments devaluing his claim prove the amount in controversy has not been met. (*See* Dkt. No. 8.) In reply, however, Anderson raised for the first time an argument that the case should be remanded because he intended to amend the complaint to add at least four defendants—two of whom are Texas citizens—"who were personally involved in the handling of [his] sensitive documents and directly facilitated the breach giving rise to this suit and/or the mishandling after the fact." (Dkt. No. 14 at 2.) Anderson argued, therefore, that his proposed amendment would destroy diversity. (*Id.*)

The Court denied Anderson's motion to remand. (*See* Dkt. Nos. 16, 27.) As for Anderson's assertion that he would destroy diversity by amending his complaint to add Texas citizens, the undersigned rejected it, first, because it was raised in reply,

-2-

and, second, because a Court generally considers jurisdictional facts at the time of removal and there were no Texas citizens in the case as defendants at that time. (Dkt. No. 16 at 8-9.)

Anderson filed the instant motion for leave to file an amended complaint on December 3, 2025. (Dkt. No. 31.)[3] Anderson proposes adding four defendants through this amendment: James Christopher Phillips IV, Shearita Rondeno Despenza, Anabel Grace Ventura Umambong, and Arnena Karmel Sheikh Houssein. (*See* Dkt. No. 31-1 ¶¶ 12-15.) According to Anderson, Phillips and Despenza are Louisiana citizens, and Umambong and Houssein are Texas citizens. (*See id.*) Anderson alleges that Umambong and Houssein are JPMC employees who received his sensitive and confidential information to add him to a business account and that both "explicitly assured Plaintiff that the information would be securely handled and used solely for internal verification." (*Id.* ¶¶ 16, 18.) He further alleges that neither of them advised that his information could be printed or distributed by anyone. (*Id.* ¶ 19.) Phillips, apparently a JPMC employee in Louisiana, allegedly printed Anderson's sensitive personal information and disseminated it to a third party without authorization. (*Id.* ¶ 20.) Despenza is a JPMC employee who communicated with Anderson after the unauthorized disclosure was detected.

---

[3] Anderson filed a motion for leave to file an amended complaint on October 28, 2025, but the Court summarily denied that motion because Anderson failed to attach a proposed amended complaint to the motion as required by N.D. Tex. L. Civ. R. 15.1(a). (*See* Dkt. Nos. 22, 28.)

## II.  LEGAL STANDARDS

Fed. R. Civ. P. 15(a)(2) provides that a "court should freely give leave when justice so requires." Where the court's jurisdiction is predicated on diversity, however, the Fifth Circuit has instructed courts to "scrutinize . . . more closely" a proposed amendment "to add a nondiverse nonindispensable party" and "use its discretion in deciding whether to allow that party to be added." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). "The court must . . . balance the original defendants' interest in maintaining a federal forum with the competing interest in avoiding potentially parallel litigation." *Smith v. Buffalo Wild Wings*, No. 3:20-CV-2875-D, 2020 WL 7629226, at *2 (N.D. Tex. Dec. 22, 2020). The Court's discretion is guided by balancing four factors: (1) the extent to which the purpose of the requested amendment is to defeat jurisdiction, (2) whether the plaintiff has been dilatory in seeking to amend, (3) whether the plaintiff will be significantly injured by disallowing amendment, and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182.

## III.  ANALYSIS

The parties agree that the *Hensgens* factors provide the framework for resolving Anderson's motion. They disagree as to the result reached by weighing those factors.

The first consideration is the extent to which amendment is sought for the purpose of defeating diversity. Anderson implicitly acknowledges that destroying diversity provides at least some of the motivating force for the motion when he states

that he does not seek to amend "solely" to defeat jurisdiction. (Mot. at 3.) He avers that he would have included Umambong and Houssein at the outset of this lawsuit but lacked their complete identifying information or an ability to serve them. (*Id.*) JPMC contends that destroying jurisdiction is Anderson's primary motivation for amending, noting that he never expressed any intention to add Texas citizens during the life of this lawsuit until after JMPC undermined his arguments for remand the second time. It also argues that Anderson's motivation is belied by the sheer number of times in reply on the motion to remand and in the instant motion that he has mentioned that his proposed amendment would defeat jurisdiction. Indeed, in the first sentence of the introduction in the motion for leave, Anderson states, "Plaintiff seeks to amend [the] complaint to join at least 4 individual defendants, two of whom are Texas residents whose joinder will destroy diversity jurisdiction." (Mot. at 1.) As Anderson appears to concede, defeating jurisdiction is at least part of the reason he seeks to amend the complaint.

The second factor examines whether Anderson has been dilatory in seeking to add the Texas defendants. Anderson avers that he sought leave to amend promptly after he confirmed the new defendants' full names and addresses for service. (Mot. at 3.) JPMC argues that Anderson did not include the four individuals in his original petition in November 2024 although he expressly discussed the two Louisiana citizens. (*See* Orig. Pet. at 2-3.) And despite knowing of all the individuals' involvement at the outset, Anderson never manifested any intent to join the Texas

-5-

individuals until after realizing that doing so would defeat diversity. The undersigned finds that the year between Anderson's original petition and the instant motion to amend demonstrates that he has not been diligent in joining the Texas citizens. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir. 2016) (affirming denial of amendment where court found plaintiff had been dilatory when two months passed between original complaint and attempt to join nondiverse defendant); *Smith*, 2020 WL 7629226, at *3 (finding plaintiff was dilatory in waiting four months between filing original petition and seeking amendment). This record demonstrates that Anderson manifested his first thought about joining the Texas citizens late in the briefing cycle on JMPC's second motion to remand. He presents no evidence supporting an assertion that he intended to include them from the outset of this case, diligently pursued their information, or satisfied himself that he had the information he needed (coincidentally) during the remand briefing.

The third factor considers whether Anderson would be significantly harmed if he is precluded from asserting claims against the Texas citizens in this action. Anderson asserts that he would suffer great prejudice by having to pursue his claims in piecemeal litigation. (Mot. at 3.) JPMC contends that the individual defendants are unnecessary because Anderson presents nothing suggesting he cannot fully recover damages from JPMC if awarded a judgment. (Resp. at 7.) It also argues that he would suffer no harm by denial of his motion because he can sustain no claims against the employee defendants.

This factor weighs in favor of denying the motion. The basis for Anderson's proposed claims against Umambong and Houssein—the two Texas employees—is that they received his personal information and assured him that it would be kept safe. Despite these assurances, another employee in Louisiana later made an unauthorized disclosure of his information. These bare facts do not support claims against Umambong or Houssein personally. That is, Anderson alleges no facts suggesting that *they* breached any duty owed to him, invaded his privacy, or breached any contract or that they are otherwise personally liable to him. *See Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 185–86 (5th Cir. 2018) (affirming denial of amendment where plaintiff sought to join cashier who sold product because plaintiff could not state viable claim of liability against the employee); *Moore v. Manns*, 732 F.3d 454, 457 (5th Cir. 2013) (affirming denial of amendment to add nondiverse employees where plaintiff's "allegations were general in nature [and] he had offered no evidence of personal fault on behalf of the [defendant's] employees"). Anderson's failure to state a plausible claim against these JPMC employees can "outweigh the other *Hensgens* factors." *Allen*, 907 F.3d at 186.

Finally, the undersigned weighs any other factors bearing on the equities surrounding Anderson's proposed amendment. "This factor allows courts to address any unique circumstances presented by the parties in weighing the plaintiffs' overarching interest in avoiding parallel litigation, with the defendants' desire to pursue the case in federal court." *Smith*, 2020 WL 7629226, at *4 (cleaned up)

(citations omitted). Anderson argues that JPMC will not be prejudiced by adding additional parties, because discovery has not yet begun. (Mot. at 4.) JPMC contends otherwise, stating that it might incur additional legal expenses associated with providing defenses for its employees if they are added to this lawsuit. (Resp. at 7.) The undersigned finds that neither of the parties' arguments presents unique circumstances that weigh significantly in the relevant assessment.

Upon considering the factors in their totality, the undersigned concludes that Anderson's motion to amend should be denied. The case chronology leads the undersigned to find that defeating jurisdiction is Anderson's primary motivation for amendment, at least with respect to joining the Texas employees. Anderson certainly knew when he filed the suit in November 2024 of Umambong or Houssein's involvement, but he made no apparent attempt then to hold them personally liable. Even crediting his current unsupported averment that he was unable to do so at that time for lack of information, he provides nothing to show that he was diligently seeking the necessary information to bring them into the lawsuit. Instead, Anderson first raised the possibility of adding nondiverse defendants when the prospect of a second remand appeared dim.

Even setting aside that defeating jurisdiction is the primary purpose of Anderson's motion, implausibility of any claims against Umambong and Houssein provide sufficient independent grounds to deny the motion. A court may deny amendment based on futility—that is, where the amendment would fail to state a

claim. *See Villarreal*, 814 F.3d at 766. Particularly under the close scrutiny appropriate in present circumstances, *see id.* at 768, Anderson fails to allege claims against JPMC's Texas employees that would proceed beyond the dismissal stage. This fact doubly impacts the undersigned's analysis. The absence of viable claims against the nondiverse proposed party corroborates that defeating jurisdiction is the goal of Anderson's motion. And, of course, Anderson will not be significantly injured by being denied the opportunity to add a meritless claim to this lawsuit. *See Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010).

The Fifth Circuit's decision in *Guijarro v. Enterprise Holdings, Inc.*, 39 F.4th 309 (5th Cir. 2022), reinforces this conclusion. In that case, a plaintiff sued a car rental company after suffering an injury in a rented vehicle. *Id.* at 312-13. After the defendant removed the action, Guijarro sought to join two Texas defendants to the action, including the car-rental agent who conducted the rental transaction with the plaintiff. *Id.* at 313. The Fifth Circuit held that amendment was properly denied, in part based on the lack of viable claims against the employee. *Id.* at 315. "Under Texas law, an employee must 'owe[ ] an independent duty of reasonable care to the injured party apart from the employer's duty.'" *Id.* (quoting *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)). Where the plaintiff asserted no such independent duties or breaches thereof, the plaintiff failed to plead viable claims against the nondiverse employee. And, the Fifth Circuit noted, "[t]he plaintiff's failure to state a plausible claim against a proposed [nondiverse] defendant is evidence of the

amendment's improper purpose and sufficient reason to deny leave to amend." *Id.* Similarly, Anderson fails to present facts suggesting that Umambong or Houssein owed him any duty independent of JPMC's duties, formed a contract with him personally, or breached any duty.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the District Judge **DENY** Plaintiff's Motion for Leave to Amend Complaint (Dkt. No. 31).

**SO RECOMMENDED** on January 20, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).