IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUTHOR ANDERSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-2214-K-BW |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant JPMorgan Chase Bank, N.A. ("JPMC") filed a Rule 12(c) Motion

for Judgment on the Pleadings on December 17, 2025, seeking dismissal of claims

brought by Plaintiff Author Anderson, who is proceeding pro se in this action.  (Dkt.

No. 34 ("Mot.").)  Anderson filed a response on February 2, 2026 (Dkt. No. 43

("Resp.")), and JPMC filed its reply on February 4 (Dkt. No. 44 ("Reply")).  The

motion is ripe for resolution.

For the reasons explained below, the undersigned magistrate judge

recommends that JPMC's motion be granted in part and denied in part and that

Anderson be given a final opportunity to amend his complaint.

---

[1] This pro se case was automatically referred to the undersigned magistrate judge for
case management by Special Order 3-251.  (*See* Dkt. No. 3.)

# I. BACKGROUND

This lawsuit relates to allegation of an unauthorized disclosure of Anderson's information by a bank employee. Plaintiff's Amended Original Petition, which was filed in state court on July 17, 2025, is the operative pleading. (*See* Dkt. No. 1 at ECF pp. 75-81 ("Am. Compl.").) According to its factual allegations, JPMC violated federal and state privacy laws and the Texas Deceptive Trade Practices Act ("DTPA") by disclosing Anderson's "private information to a third party without authorization[.]" (Am. Compl. ¶¶ 7-8.) He alleges that he provided the personal information—including his Social Security number, copies of his debit card and passport, unspecified "financial details," and contact information—to JMPC in connection with being "added" to a business account held by JPMC. (*Id.* ¶ 9.) On November 23, 2022, a JMPC employee printed Anderson's personal information and gave it to a third party without Anderson's authorization. (*Id.* ¶ 10.)

After he learned of the unauthorized disclosure, Anderson alleges that he attempted to reach the employee who disclosed the information but received no response. (Am. Compl. ¶ 11.) He spoke to other JMPC employees, who offered to look into paying for credit monitoring and identity theft services, but his request to elevate the matter was never honored. (*Id.* ¶¶ 12-16.)

Anderson alleges that the improper disclosure has caused damages that include emotional distress, loss of privacy, and potential and actual financial loss.

(*Id.* ¶ 20.)  He asserts claims of negligence, invasion of privacy, and breach of contract.  (*See id.* ¶¶ 21-32.)

## II.  LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "'A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'"  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted).  In deciding a motion for judgment on the pleadings, the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s].'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).

To survive a motion for judgment on the pleadings, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal punctuation & citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

While courts liberally construe the pleadings of a pro se party, "even a liberally-construed pro se . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988).  "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice[.]" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint.  *In re Katrina*, 495 F.3d at 205; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 498–99 (quotations

-4-

omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).  Attachments falling under these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.  *See Benchmark Electronics*, 343 F.3d at 725.

## III.  ANALYSIS

JPMC moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings dismissing all of Anderson's claims.  It argues that Anderson fails to allege any contract between him and JPMC, fails to allege any duty or sufficient damages in connection with his negligence claim, and fails to allege the necessary elements for an invasion-of-privacy claim.  Anderson does not respond to the substance of the motion but simply contends that JPMC has not shown that it is entitled to judgment as a matter of law and requests leave to amend if the Court concludes that his allegations are insufficient.

**A.     Anderson alleges facts that might support a claim based on the bank's negligent unauthorized dissemination of Anderson's information.**

Anderson alleges that JPMC was negligent with respect to maintaining the confidentiality of his sensitive personal information.  He avers that JPMC had a duty to keep his information confidential imposed by Tex. Fin. Code § 59.001, Texas common law, and 15 U.S.C. § 6801(b), and JPMC's internal policies.  (Am. Compl. ¶ 21.)  He contends that JPMC breached its duty when it released his personal information to a third party, and he alleges that he suffered damages as a result,

including mental anguish, reputational harm, credit costs, and other consequential damages.  (*Id.* ¶¶ 22-23.)

"To maintain a claim of negligence, a plaintiff must allege '(1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Venkatraman v. Bank of Am., N.A.*, No. 3:24-CV-2821-K-BW, 2025 WL 2347189, at *3 (N.D. Tex. July 25, 2025) (quoting *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008)).  JMPC contends, first, that Anderson has not alleged facts from which the Court can determined that JPMC owed him any duty. Notably, it contends that Anderson does not allege that he is a customer of JMPC. *See Taya Agricultural Feed Mill Co. v. Byishimo*, No. 22-20239, 2022 WL 1771683, at *2 (5th Cir. Dec. 14, 2022) (unpublished) (noting that banks generally do not owe duties to non-customers under Texas law).  Anderson, however, alleges that he provided his sensitive personal information—including his Social Security number, his debit card, his passport, and other personal and financial details—in connection with "being added to a business bank account[.]"  (Am. Compl. ¶ 9.)  Construed liberally, these facts suggest that Anderson was a customer of the bank, either as an account owner or authorized user of an account.  *See Oliver v. Texas Com. Bank Nat. Ass'n*, No. 05-96-00445-CV, 1998 WL 420243, at *3 (Tex. App. July 28, 1998) (unpublished) (concluding bank was not entitled to summary judgment where there was a fact issue whether account signatory was bank customer).  To the extent additional facts might

be helpful to more firmly establish a special relationship with the bank, he may furnish greater factual detail in an amended pleading.

Anderson alleges that JPMC's duty to safeguard his sensitive personal information is rooted in the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. §§ 6801 et seq., the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.41, and Texas Finance Code § 59.001.  With respect to the first of these, the GLBA provides that "each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."  15 U.S.C. § 6801(a).  Courts have determined that Congress did not create a private right of action for unauthorized disclosure in the GLBA.  *See, e.g.*, *Haynes v. Am.'s Car-Mart, Inc.*, No. 5:24-CV-067-RWS-JBB, 2024 WL 4729491, at *9 (E.D. Tex. Sept. 23, 2024) (collecting cases), *accepted*, 2024 WL 4533301 (E.D. Tex. Oct. 21, 2024); *Beaman v. Bank of Am., N.A.*, No. 2:21-CV-20561, 2024 WL 3219224, at *17–18 (D.N.J. June 28, 2024); *Nicholas Homes, Inc. v. M & I Marshall & Ilsley Bank, N.A.*, No. CV09-2079-PHX-JAT, 2010 WL 1759453, at *2 (D. Ariz. Apr. 30, 2010).  And the Georgia supreme court has concluded that the GLBA cannot support a common-law negligence under Georgia law.  *Wells Fargo Banks, N.A. v. Jenkins*, 744 S.E.2d 686 (Ga. 2013).  At least one court in Texas, however, has suggested that an obligation rooted in the GLBA might support a tort claim based on an unauthorized release of personal information.  *See Haynes*, 2024 WL 4729491, at *9 n.2 (recognizing that

"[a]ny violation of the GLBA 'may very well give rise to state law claims'" (quoting

*In re Bates*, No. 09-51279-NPO, 2010 WL 2203634, at *6 (Bankr. S.D. Miss. May 27,

2010)).  The undersigned is unable to conclude at this time that Anderson cannot

predicate a negligence claim based on the GLBA's policy directing financial

institutions to protect the security and confidentiality of customer records and

information.[2]

Anderson, however, has not demonstrated that JPMC owed him any duty

based on the DTPA or Tex. Fin. Code § 59.001.  Anderson has not alleged facts

suggesting that the DTPA, which generally applies to consumer transactions, has any

application here.  The act defines a consumer as an individual "who seeks or

acquires by purchase or lease, any goods or services."  Tex. Bus. & Com. Code

§ 17.45(4).  Nothing in the amended complaint suggests that Anderson's interaction

with JPMC was a consumer transaction or that the DTPA has any role in imposing a

duty on the bank.  Likewise, § 59.001 is merely a list of definitions, and Anderson

does not point to any provision that creates a duty the bank owed to him.

JPMC also argues that Anderson fails to adequately plead proximate

causation and damages.  As to proximate causation, Anderson alleges that the

---

[2] In a footnote, JPMC suggests that alleging a negligence claim based on a duty under the GLBA contravenes representations Anderson made to the Court while successfully obtaining a remand to state court. (Mot. at 9 n.37.)  The undersigned has not considered whether Anderson is judicially estopped from asserting that the GLBA creates a duty or barred by similar principles, because JPMC's passing remark in a footnote does not present that argument, or does JPMC request relief on that basis.

unauthorized disclosure of his personal information "was the direct and proximate cause of [his] damages, including mental anguish, reputational harm, credit costs, and other consequential damages." (Am. Compl. ¶ 23.) He also alleges that the disclosure caused "emotional and financial harm." (*Id.* ¶ 25.) JPMC argues that this allegation is insufficient to explain how the breach was a substantial factor in bringing about the harm. For example, it asserts that Anderson should be required to allege precisely how, had it not been for the unauthorized release of his personal information, Anderson would not have suffered mental anguish. Particularly in light of the liberal construction afforded pro se pleadings, the undersigned concludes that Anderson has sufficiently alleged that the unauthorized disclosure of his information caused him to suffer damages.[3]

## B.    Anderson's allegations do not state a claim for public disclosure of private information.

Anderson alleges that JPMC intentionally or negligently disclosed his highly private information to a third party without his consent, that the disclosure was highly offensive and would be objectionable to a reasonable person, and that he was harmed as a result and is suffering an ongoing risk of financial fraud and identity theft. (Am. Compl. ¶¶ 26-28.) He states that he is suing JPMC for public disclosure

---

[3] In two sentences, JPMC contends that Anderson's negligence claim is barred by the economic loss rule because he only seeks economic damages arising from contractual obligations. (Mot. at 10.) To the extent this undeveloped argument warrants consideration, the undersigned rejects it, as Anderson's negligence claim is premised on his relationship to JPMC as an account holder or authorized user of an account held by JPMC.

of private facts, which is a recognized tort under Texas law. (Am. Compl. ¶ 26 (citing *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973)).)

"Tortious invasion of privacy for the public disclosure of private facts has three elements: '(1) publicity was given to matters concerning one's personal life, (2) publication would be highly offensive to a reasonable person of ordinary sensibilities, and (3) the matter publicized is not of legitimate public concern.'" *Ibrahim v. Johnson*, No. 4:25-CV-00369-SDJ-BD, 2026 WL 346685, at *10 (E.D. Tex. Feb. 9, 2026) (quoting *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 474 (Tex. 1995)). JPMC argues that Anderson fails to allege facts satisfying any of the three elements.

Anderson's allegations are insufficient to state a claim for public disclosure of private facts. He avers that a JPMC employee disclosed his personal identity and financial documents to a third party. (Am. Compl. ¶ 10.) To state a claim for public disclosure of private facts, though, Anderson must allege that "private information [was] publicized, which 'requires communication to more than a small group of persons; the matter must be communicated to the public at large, such that the matter becomes one of public knowledge.'" *Walters v. Blue Cross & Blue Shield of Texas, Inc.*, No. 3:21-CV-981-L, 2022 WL 902735, at *4 (N.D. Tex. Mar. 28, 2022) (quoting *Indus. Found. of the S. v. Texas Indus. Acc. Bd.*, 540 S.W.2d 668, 683 (Tex. 1976)). Allegations or proof that information was disclosed to a single party or a small group of people—as distinguished from the public at large—have been held insufficient to support a claim for public disclosure. *See id.* at 4–5; *see also McMurry v. Weaver*, No.

20-CV-242-DC, 2024 WL 3451896, at *10–11 (W.D. Tex. June 18, 2024) (concluding that dissemination to six people did not constitute publicity); *Davidson v. FMC Techs., Inc.*, No. 4:15-CV-00756, 2016 WL 3944765, at *10 (S.D. Tex. July 7, 2016) (recommending summary judgment on publicity element where evidence showed plaintiff's personal journal was seen by "more than ten" people), *accepted*, 2016 WL 3948105 (S.D. Tex. July 19, 2016).

Anderson also has failed to allege that disclosure of the information would be highly offensive to a reasonable person of ordinary sensibilities. A claim for public disclosure requires alleging that the information "contains highly intimate or embarrassing facts about a person's private affairs, such that its publication would be highly objectionable to a person of ordinary sensibilities." *See Johnson v. Sawyer*, 47 F.3d 716, 731 (5th Cir. 1995) (quoting *Indus. Found.*, 540 S.W.2d at 684-85). Certain personal information—such as a middle initial, age, street address, or job title, *see id.*—simply is not the type of highly intimate information that can support a public disclosure claim. *See id.* at 732–33. That is the kind of information that Anderson alleges was disclosed. (*See* Am. Compl. ¶ 9.)

**C.     Anderson fails to allege a claim for breach of contract.**

"A plaintiff asserting a breach-of-contract claim must prove (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a

result of the breach." *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). The existence of a contract is shown by establishing that "(1) an offer was made; (2) the other party accepted in strict compliance with the terms of the offer; (3) the parties had a meeting of the minds on the essential terms of the contract (mutual assent); (4) each party consented to those terms; and (5) the parties executed and delivered the contract with the intent that it be mutual and binding." *Id.*

JMPC argues that Anderson fails to plead any of the four elements required to state a claim for breach of contract. (Mot. at 4-7.) As to the first, it contends that Anderson fails to allege that he formed a contract with JPMC with respect to the maintenance of his personal information. He instead alleges that JMPC's duty to safeguard his information arose under various laws, not a contract between them. (*See* Am. Compl. ¶¶ 7-8.) Anderson alleges that "Plaintiff and Defendant entered into a contractual agreement when the private information was provided to [JPMC]," but that is precisely the kind of conclusory allegation the Court cannot accept when assessing the sufficiency of the allegations. *See Iqbal*, 556 U.S. at 678.

Nor does Anderson present plausible allegations showing that a contract was formed with respect to providing him with identity theft and credit monitoring services. He merely alleges that JPMC would pay for an identity theft and credit monitoring product of Anderson's choosing, which might suffice as an offer. But Anderson does not allege any of the remaining elements that would substantiate that a contract was ever formed based on the offer of fraud monitoring services.

Among other deficiencies, Anderson also does not allege facts leading to a conclusion that JPMC has breached any agreement. According to Anderson's complaint, he formed an agreement with JPMC when identity theft protection and credit monitoring were offered to him and JMPC breached that agreement when an employee released his personal information. (Am. Compl. ¶¶ 30-31.) At a matter of logic, though, he cannot state a viable claim by alleging that JPMC breached a contract before it was formed.

Because Anderson's pleadings fail to allege the existence of a contract or a breach of any agreement, the Court need not consider the other shortcomings argued by JPMC.

## IV.  LEAVE TO AMEND

Anderson has requested leave to amend his amended complaint if it is deemed insufficient. "District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiff advises the court that [he] is unwilling or unable to amend in a manner that will avoid dismissal." *Johnson v. Digital Fed. Credit Union*, No. 3:25-CV-1836-D, 2025 WL 3764128, at *3 (N.D. Tex. Dec. 30, 2025) (quoting *In re Am. Airlines, Inc., Priv. Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (cleaned up)). Here, some of Anderson's claims fails for lack of detailed factual allegations. JPMC opposes Anderson's request for amend his complaint because he has filed multiple amended pleadings in state court. Nonetheless, Anderson has not had an

-13-

opportunity to file an amended complaint now that this action has been removed.

Anderson should be allowed one more opportunity to plead his best case to ascertain

whether he is able to cure the defects identified.  *See id.* ("[A]s a *pro se* plaintiff,

Johnson should be given a fair opportunity to plead her best case.").

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the District

Judge **GRANT** JPMC's motion for judgment on the pleadings (Dkt. No. 34) with

respect to Anderson's claims for invasion of privacy and breach of contract, **DENY**

the motion as to Anderson's claim for negligence, and allow Anderson to file an

amended complaint addressing the deficiencies identified herein within 21 days of

the order accepting these findings, conclusions, and recommendation.[4]

**SO RECOMMENDED** on March 11, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

---

[4] Leave to file an amended complaint should be limited to an amended complaint that amends Anderson's claims against JPMC.  Anderson previously requested—and the Court denied—Anderson's motion to amend to add defendants in this action.  (*See* Dkt. Nos. 8, 16, 27.)  Leave to amend to address the deficiencies identified herein would not include leave to allow Anderson to join additional parties.

## NOTICE OF RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).